2007 JUL 30 PM 4: 30

CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

BRUNSWICK GMBH,                )
                               )
        Plaintiff,             )
                               )                    0 7   4 7 1
        v.                     )    Case No.
                               )
BOWLING SWITZERLAND, INC.,     )
                               )
        Defendant.             )

## COMPLAINT

Brunswick GMBH ("Plaintiff"), by and through its undersigned attorneys, as and for its complaint (the "Complaint") against Bowling Switzerland, Inc. ("Defendant"), respectfully states as follows:

## PARTIES

1.    Plaintiff is a German corporation with a principal place of business in Eschborn, Germany.

2.    Defendant is a Delaware corporation with a principal place of business in Nyon, Switzerland.

3.    Defendant's registered agent for purposes of service of process is The Corporation Trust Company (a/k/a CT Corporation Systems), which is located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), in that this is a civil action where the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and is between a citizen of a State and a citizen or subject of a foreign state.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(a)(1), in that Defendant resides in this judicial district or, alternatively, under 28 U.S.C. § 1391(a)(3) in that Defendant is subject to personal jurisdiction in this judicial district.

## BACKGROUND

6.      Plaintiff is in the business of manufacturing and selling equipment for bowling centers.

7.      Defendant owns and operates a number of bowling centers throughout Switzerland.

8.      Prior to December 31, 2005, Defendant had purchased certain bowling equipment from Plaintiff or one of its wholly owned subsidiaries.

9.      On or about May 5, 2006, Plaintiff sent a letter to Defendant advising it that Plaintiff's books of account disclosed a balance of 272,486.58€ (Euros) owed to it by Defendant as of December 31, 2005, and requesting that Defendant confirm the accuracy of this balance. A true and correct copy of this May 5, 2006 letter (the "May 5th Letter") is attached hereto as Exhibit A.

10.     Defendant confirmed the accuracy of the 272,486.58€ (Euros) balance it owed to Plaintiff as of December 31, 2005 and countersigned Plaintiff's May 5, 2006 letter.

11.     On or about February 23, 2006, Defendant made a payment of 19,463.33€ (Euros) to Plaintiff, leaving a balance 253,023.25€ (Euros) owed to Plaintiff.

2

12.    Between February 23, 2006 and June 7, 2006, the parties had various discussions about Defendant's purchase of bowling equipment and agreed that Defendant would satisfy the outstanding balance it owed Plaintiff according to the following payment schedule:

| **Installment Amount** | **Date** |
|---|---|
| 5,000€ (Euros) | May 2006 |
| 10,000€ (Euros) | June 2006 |
| 10,000€ (Euros) | July 2006 |
| 10,000€ (Euros) | August 2006 |
| 30,000€ (Euros) | September 2006 |
| 30,000€ (Euros) | October 2006 |
| 30,000€ (Euros) | November 2006 |
| 109,000€ (Euros) | December 25, 2006 |

(the "Payment Schedule"). The parties further agreed that Defendant's order for 272 "new chair seats" would be cancelled and that its balance owed to Plaintiff would be credited by 19,023.25€ (Euros) if and when Defendant satisfied the Payment Schedule.

13.    In exchange and consideration for the Payment Schedule and the 19,023.25€ (Euros) credit to the balance Defendant owed to Plaintiff, Defendant agreed not to sue and fully released Plaintiff and its subsidiaries, affiliates and other related entities from any and all claims whatsoever (along with the Payment Schedule and 19,023.25€ (Euros) credit, the "Payment Agreement")

3

14. Plaintiff memorialized the Payment Agreement in a letter dated June 7, 2006, which letter Defendant executed and returned to Plaintiff. A true and correct copy of that June 7, 2006 letter (the "June 7th Letter") is attached hereto as Exhibit B.

15. As of the date of this Complaint, Defendant has paid only 17,000€ (Euros) of the Payment Schedule, leaving a balance of 217,000€ (Euros) owed to Plaintiff.

16. On or about December 8, 2006, Plaintiff, through its Swiss counsel, sent a letter to Defendant demanding payment of the outstanding balance owed to Plaintiff under the Payment Agreement and reminding Defendant that, in accordance with the Payment Agreement, the credit of 19,463.33€ (Euros) would be applied to this balance only if Defendant paid the total amount due under the Payment Schedule by December 25, 2006.

## COUNT I
## (Breach of Contract)

17. Plaintiff restates paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18. The Payment Agreement is a valid and enforceable contract between Plaintiff and Defendant, entered into for good and valuable consideration.

19. Plaintiff has satisfied all of its obligations under and conditions precedent to enforcing the Payment Agreement against Defendant.

20. Defendant has paid Plaintiff no more than 17,000€ (Euros) in connection with the Payment Agreement.

21. Defendant is therefore in breach of the Payment Agreement.

22. As a result thereof, Plaintiff has incurred damages in the amount of 236,023.25€ (Euros).

4

WHEREFORE, Plaintiff Brunswick GMBH prays for judgment in its favor and against Defendant Bowling Switzerland, Inc. on Count I of the Complaint in the amount of 236,023.25€ (Euros) plus pre- and post-judgment interest and costs, and for any other relief this Court deems just.

## COUNT II
### (Account Stated)

23.     Plaintiff restates paragraphs 17 through 22 of this Complaint as though fully set forth herein.

24.     Pursuant to the May 5th Letter and the June 7th Letter, the parties agreed that all of the items stated in Plaintiff's account are true (the "Account Stated Agreement").

25.     The parties reached the Account Stated Agreement after the creation of Defendant's underlying debt to Plaintiff was created.

26.     The parties to the Account Stated Agreement are the same as the parties to the underlying transactions.

27.     Accordingly, based on the past consideration of the pre-existing debt, Plaintiff is entitled to judgment in its favor and against Defendant for account stated.

WHEREFORE, Plaintiff BRUNSWICK GMBH prays for judgment in its favor and against Defendant BOWLING SWITZERLAND, INC. on Count II of the Complaint in the amount of 236,023.25€ (Euros) plus pre- and post-judgment interest and costs, and for any other relief this Court deems just.

July 30, 2007                     Respectfully submitted,
Wilmington, Delaware

                                  WILLIAM D. SULLIVAN, LLC

                                  William D. Sullivan (2820)
                                  Elihu E. Allinson, III (3476)
                                  4 East 8th Street, Suite 400
                                  Wilmington, DE 19801
                                  Tel:  (302) 428-8191
                                  Fax:  (302) 428-8195

                                  -- and --

                                  David J. Fischer
                                  David P. Vallas
                                  WILDMAN, HARROLD, ALLEN & DIXON LLP
                                  225 West Wacker Drive, Suite 3000
                                  Chicago, Illinois 60606
                                  Tel:  (312) 201.2000
                                  Fax:  (312) 201.2555

**Exhibit A**

14.JUN.2006  12:27    BOWL SWI    ▲         (1) --> N0038  H.P.2/4
                                                     pour info
                      BOWL SWI

                        (2) --> C4.

**Bowling & Billiards International**

BRUNSWICK GMBH * Postfach 5126 * D-65726 Eschborn        D-65760 Eschborn
                                                         Ginnheimerstr. 6
Bowling Switzerland Inc.                                 Phone:+ 49 6196 4727-46
Route de Saint-Cergue, 303                               Fax:   + 49 6196 4727-59
CH - 1260 Nyon                                           email: Mandy.Seiler@brunbowl.com

Suisse

                                                         May 05, 2006

**Audit of our Financial Statements**
**Confirmation of Balances as of December 31, 2005 (only for purposes of the year end**
**audit)**

To Whom It May Concern:

As of the above date, our books of account disclose a balance of

    EUR        272.486,58      in our favor

We request you to check the accuracy of these balances and send the results to our auditors
using the included stamped addressed envelope:

                Ernst & Young AG
                Wirtschaftsprüfungsgesellschaft
                c/o Ms. Angelika Rosenbaum
                Mergenthalerallee 10-12
                65760 Eschborn

Sincerely yours
Brunswick GmbH
Ginnheimer Straße 6
65760 Eschborn Germany
Tel: +49 6196 - 4 72 70         A Classik
Mandy Seiler 6 - 47 27 59
Financial Accountant

We confirm [  ] / dispute [  ] the disclosed balances.
Deviations are explained on the attachment.

                Bowling Switzerland, Inc.
                Route de Saint-Cergue 303
                1260 Nyon / Suisse
                Tél. 022 994 35 76 - Fax 022 994 35 95

**EXHIBIT**
**A**

**Exhibit B**

7 June 2006

*Via Facsimile*

Giuseppe Avollo
Bowling Switzerland Inc.
Route de Saint-Cergue 303
1260 Nyon - Switzerland

Fax: +41 22 994 3585

Dear Giuseppe:

This letter confirms our various discussions about your purchase of Brunswick bowling equipment and the outstanding purchase price.

As you know, Bowling Switzerland has an outstanding debt to Brunswick of 253,023.25€, after your last payment of 19,463.33€ on 23 Feb 2006. You've agreed to pay Brunswick in full with monthly installments, until the debt is repaid in December 2006. Brunswick had agreed to supply you with 234 new chair seats for the bowling center "La Praille" in Switzerland, which you already received, and additional 272 new chair seats for the other centers in Sévaz, Munteller and Château d' Oex. You've now said that you do not need the additional 272 chairs, and we have agreed instead to provide you with a credit of 19,023.25€ against your outstanding debt to Brunswick (reducing your debt to 234,000.00€).

*We will credit this amount against your monthly debt payment in December 2006. This credit is contingent upon Brunswick's receipt of payment in full on the outstanding debt.*

*As per your proposal, the payment schedule of 8 installments will, therefore, be as follows:*

- *May 2006, one installment of 5,000.00€, (received on June 06)*
- *June 2006, one installment of 10,000.00€,*
- *July 2006, one installment of 10,000.00€,*
- *August 2006, one installment of 10,000.00€,*
- *September 2006, one installment of 30,000.00€,*
- *October 2006, one installment of 30,000.00€,*
- *November 2006, one installment of 30,000.00€,*
- *a final installment no later than December 25, 2006 of 109,000.00€.*

Finally, as we discussed, there is no current plan by Brunswick to assign an exclusive distributor for the territory of Switzerland.

PENGAD 800-631-6989

EXHIBIT
B

In exchange for this compromise, Bowling Switzerland, Inc., on its behalf and on behalf of its successors and assigns, agrees not to sue and fully releases and discharges Brunswick Bowling & Billiards Corporation, its parents, subsidiaries and affiliates, past and present, as well as their trustees, directors, officers, agents, attorneys, insurers, employees, members, stockholders, representatives, assigns and successors, past and present with respect to and from any claims, demands, rights, liens, agreements, contracts, covenants, actions, suits, causes of action, obligations, debts, costs, expenses, attorneys' fees, damages, judgments, orders and liabilities of whatever kind or nature in law, equity or otherwise, whether now known or unknown, suspected or unsuspected and whether or not concealed or hidden (collectively, "Claims"), which have arisen on or before the date of execution of this release.

Please feel free to contact me with any questions.  I look forward to working with you in the future.

Sincerely,


Andrea Bisi
Modernization Sales Manager
Europe, Middle East and Africa


Acknowledged and Agreed by
Bowling Switzerland, Inc.

Bowling Switzerland, Inc.
Route de Saint-Cergue 303
1260 Nyon / Suisse
Tel. 022 994 35 75 - Fax 022 994 35 85

By:
Date:

07-471

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

Eschborn, Germany

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
William D. Sullivan, LLC   Wilm, DE 19899
4 E. 8th St., Ste 400   302 428 8191

## DEFENDANTS

New Castle

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332 (a)(2)
Brief description of cause:
breach of contract; account stated

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 253,023.25 euros plus cost + interest
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
N/A

JUDGE                    DOCKET NUMBER

DATE   July 30, 2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No.    0 7  4 7 1

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

_7/30/07_
(Date forms issued)

_____
(Signature of Party or their Representative)

_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action