IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRUNSWICK GMBH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-471 (JFF) |
| | ) | |
| BOWLING SWITZERLAND, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS OR,
IN THE ALTERNATIVE, TO STAY PROCEEDINGS**

Arthur G. Connolly, III (#2667)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
(302) 658-9141

*Attorneys for Bowling Switzerland, Inc.*

DATED:   September 28, 2007

**TABLE OF CONTENTS**

Page

NATURE AND STAGE OF THE PROCEEDING ...................................................................1

SUMMARY OF ARGUMENT .................................................................................................1

STATEMENT OF FACTS ........................................................................................................2

ARGUMENT ..............................................................................................................................3

    I.     This Case Should be Dismissed Under the Doctrine of
          Forum Non Conveniens ..............................................................................................3

          a.     Switzerland Is an Adequate Alternate Forum for
                Brunswick to Seek Relief ...............................................................................4

          b.     The Balance of Public and Private Interests
                Factors Favors Dismissal ...............................................................................5

                i.     Private Interests Favor Dismissal .......................................................6

                ii.    Public Interests Favor Dismissal .......................................................7

                iii.   The Great Weight of Evidence
                      Tips Heavily in Favor of Dismissal ...................................................8

    II.    This Case Should Be Stayed Pending Resolution of the Swiss Proceeding ........8

CONCLUSION ..........................................................................................................................9

## TABLE OF AUTHORITIES

**Cases:**

*Banco Nominees Ltd v. Iroquois Brands, Ltd.*,
748 F. Supp. 1070 (D. Del. 1990) ................................................................. 4, 5, 6, 7, 8, 9

*Bhatnagar v. Surrendra Overseas Ltd.*,
52 F.3d 1220 (3d Cir. 1995) ............................................................................................ 4

*Dahl v. United Tech. Corp.*,
632 F.2d 1027, 1029 (3d Cir. 1980) ......................................................................... 3, 4, 6

*Dawson v. Compagne Des Bauxites de Guinee*,
593 F.Supp. 20 (D. Del. 1984) .............................................................................. 3, 4, 5, 8

*Gulf Oil Corp. v. Gilbert*,
330 U.S. at 501 (1947) .................................................................................................... 3

*Hoffman v. Goberman*,
420 F.2d 423, 426 (3d Cir. 1970) .................................................................................... 5

*Lacey v. Cessna Aircraft Co.*,
932 F.2d 170 (3d Cir. 1991) ......................................................................................... 4, 8

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ........................................................................................................ 8

*McWayne Cast Iron Pipe Corp. v. McDowell Wellman Eng'g Co.*,
263 A.2d 281, 283 (Del. 1970) ........................................................................................ 9

*Piper Aircraft Co. v. Reyno*,
454 U.S. 235 (1981) ..................................................................................... 3, 4, 5, 6, 7, 11

*Research Corp. v. Radio Corp. of America*,
181 F. Supp. 709 (D. Del. 1960) ...................................................................................... 8

*Van Cauwenberghe v. Baird*,
486 U.S. 517 (1988) ........................................................................................................ 7

### Nature and Stage of the Proceedings

Defendant Bowling Switzerland, Inc. ("Bowling Switzerland" or "Defendant"), by and through its counsel, respectfully submits its Opening Brief in support of its motion to dismiss this case on the grounds of forum non conveniens or, in the alternative, to stay this litigation pending resolution of a related case filed in Switzerland.

On July 30, 2007, Plaintiff Brunswick GMBH ("Plaintiff" or "Brunswick") filed its Complaint against Defendant. Count I of the Complaint seeks damages for breach of contract. Count II of the Complaint seeks judgment against Defendant for an alleged "account statement agreement."

### Summary of Argument

Bowling Switzerland respectfully moves this Court for an order dismissing this case on forum non conveniens grounds. This controversy relates to the payment of a debt allegedly owed to Brunswick, a German company, whose principal place of business is in Eschborn, Germany, by Bowling Switzerland, a Delaware corporation whose principal place of business is in Nyon, Switzerland. The oral contract at issue in this case was entered into in Switzerland. As set forth below, the documents and witnesses that Bowling Switzerland requires to defend this action are located in Switzerland and Germany. These reasons, and others discussed below, provide compelling grounds for this Court to hold this case should not continue in this forum. As discussed in detail below, a related action is currently pending in Switzerland which could provide Brunswick with all the relief it seeks in the present action.

In the alternative, Bowling Switzerland respectfully moves the Court for an order staying all proceedings in this case pending resolution of a related case in Switzerland.

1

**Statement of Facts**

Plaintiff is a German corporation with its principal place of business in Eschborn, Germany. (Complaint ¶1). Defendant is a Delaware corporation with its principal place of business in Nyon, Switzerland. (Complaint ¶2). Plaintiff is in the business of manufacturing and selling equipment for bowling centers. (Complaint ¶6). Defendant owns and operates several bowling centers throughout Switzerland. (Complaint ¶7). Defendant has purchased certain bowling equipment, including seats for bowling allies, from Plaintiff or its wholly owned subsidiaries. (Complaint ¶8).

A contractual dispute has arisen between the parties regarding certain amounts Plaintiff claims Defendant owes it for bowling equipment sold by Plaintiff to Defendant. Plaintiff alleges that Defendant owes it a balance of 217, 000€ (Euros) for outstanding balances owed for bowling equipment bought and sold in Switzerland. (Complaint ¶16). Defendant disputes the balance owed, in part, on the grounds that the equipment sold by Plaintiff to Defendant was defective. (*See* Letter dated 10.03.05 from Guiseppe Avolio, General Manager of Bowling Switzerland, to Brunswick, attached hereto as "Exhibit A").

On or about January 26, 2007, Brunswick brought a "Commandement de payer" proceeding (a summons to pay) against Bowling Switzerland in the Office des Poursuites et Faillites de Nyon-Rolle (attached hereto as "Exhibit B")[1]. On or about January 29, 2007, Bowling Switzerland made its objection (*i.e.*, opposition) to the summon to pay in accordance with Swiss law. *See id.* Brunswick now has the option to file a motion in the Switzerland proceeding to set aside the judgment ("mainlevee de l'opposition").

---

[1] Defendant will provide the Court with an English translation of this document as soon as one is available.

**Argument**

I. **This Case Should be Dismissed Under the Doctrine of Forum Non Conveniens**

This Court should dismiss this case under the doctrine of forum non conveniens. Aside from the fact that Bowling Switzerland is a Delaware corporation, there is no connection between this controversy and the District of Delaware forum. As demonstrated by the facts set forth in this brief, Delaware is an inconvenient forum for a controversy that has not had any effect on Delaware nor have any of the actions allegedly giving rise to this cause of action take place in Delaware. As the Third Circuit Court of Appeals has written "[t]he principle of forum non conveniens permits a court to decline jurisdiction even though venue and jurisdiction are proper, on the theory that for the convenience of the litigants and the witnesses, [the] action should be tried in another judicial forum." *Dahl v. United Techs. Corp.*, 632 F.2d 1027, 1029 (3d Cir. 1980). The United States Supreme Court has explained that the primary danger against which the doctrine guards is the plaintiff's "temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself," so that he can "vex, harass, or oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. *Gulf Oil v. Gilbert*, 330 U.S. 501 at 507, 508 (1947).

Defendant respectfully submits that an application of the forum non conveniens requirements mandates dismissal of this action. First, Brunswick has an adequate alternative forum in Switzerland in which it can, and already has, sought redress. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981), *Dawson v. Compagne Des Bauxites de Guinee*, 593 F.Supp. 20 (D. Del. 1984) (dismissing case on forum non conveniens grounds where Guinea was a suitable alternate forum and the case's only connection with Delaware was the Defendant's state of

3

incorporation). Second, the qualitative balance of private and public factors demonstrates both Switzerland's superior interest in the resolution of this dispute and the extreme inconvenience all parties will undoubtedly face by continuing this case in Delaware. *See Dahl*, 632 F.2d at 1029; *Banco Nominees Ltd v. Iroquois Brands, Ltd.*, 748 F. Supp. 1070, 1073 (D. Del. 1990). "Each case turns on its own particular facts, but the ultimate inquiry is whether the retention of jurisdiction by the district court would fairly serve the convenience of the parties and the ends of justice." *Hoffman v. Goberman*, 420 F.2d 423, 426 (3d Cir. 1970) (footnote omitted).

### a. **Switzerland Is an Adequate Alternate Forum for Brunswick to Seek Relief**

A threshold issue in deciding a motion to dismiss for forum non conveniens is determining whether an adequate alternative forum exists. *Piper Aircraft Co.*, 454 U.S. at 255 n.22, *see also Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1226 (3d Cir. 1995) (accord). As required under the doctrine, Bowling Switzerland can demonstrate that Brunswick can obtain proper redress in an alternative forum. *See Bhatnagar*, 52 F.3d at 1226 (holding that defendant failed to meet its burden of making a "threshold demonstration that an adequate alternative forum was available for this litigation" in India).

Generally, an adequate alternative forum exists when the defendant is amenable to process in the other jurisdiction, as Defendant is here with respect to Switzerland. *See Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 180 (3d Cir. 1991). In addition, Brunswick has already submitted to the jurisdiction of the Swiss courts by filing suit there. *See Dawson*, 593 F.Supp. at 24. The Swiss courts are able to provide a forum for the remedy Brunswick seeks in this case, a fact evidence by Brunswick's decision to bring suit there. To conclude Switzerland to be an inadequate forum, this Court would have to hold that the Swiss courts will provide Brunswick

4

with a remedy so clearly inadequate or unsatisfactory as to be no remedy at all. *Dawson*, 593 F.Supp. at 24 (*citing Piper Aircraft*, 454 U.S. at 254).

Further, it is well-settled law that a foreign plaintiff's choice of forum is afforded less deference than a domestic plaintiff's forum choice. James Wm. Moore et al, MOORES FEDERAL PRACTICE, § 111.75[1] (3d. ed. 2007). "There is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum . . . however, that the presumption applies with less force when the plaintiff or real parties in interest are foreign." *Piper Aircraft Co.* 454 U.S. 235, *accord Banco Nominees Ltd.*, 748 F. Supp. at 1073; *Dawson*, 593 F. Supp at 25. Here, neither Plaintiff nor any acts leading up to this alleged dispute bear any connection to Delaware and little deference need be shown Brunswick's choice of forum. Brunswick is a German corporation with its principal place of business in Germany. Brunswick's voluntarily filing of an action in Switzerland only confirms that Switzerland is the appropriate forum.

The only alleged connection between this suit and the District of Delaware is that Bowling Switzerland's residence is Delaware. (Complaint ¶¶ 5,6). Given the absence of any further connection to this jurisdiction and any meaningful connection between the alleged breach of contract and this country, as discussed in further detail below, this action should be dismissed on forum non conveniens grounds.

### b. <u>The Balance of Public and Private Interest Factors Favors Dismissal</u>

Once an adequate alternative forum is established, the Court must balance several private and public interest factors to determine whether dismissal is proper.

### i. Private Interests Favor Dismissal

The private interest factors to be considered in forum non conveniens balancing include "[t]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of the willing, witnesses; . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft Co.*, 454 U.S. at 241. As to the first factor, no evidence, documentary or testimonial, is located in Delaware. All witnesses and evidence concerning the transaction and the relevant events leading up to it, and following it are located in Switzerland and Germany. *See, e.g.,* Complaint, Exs. A and B. If this matter proceeds in Delaware, every witness and piece of evidence will have to be transported here. *Banco Nominees Ltd v. Iroquois Brands, Ltd.*, 748 F. Supp. at 1075. More relevant materials and easier access to them will be presented to the court if this case is tried in Switzerland. *Dahl*, 632 F.2d at 1031.

Second, as in *Dawson*, it would be impractical, if not impossible and extremely expensive for all these witnesses and evidence to be brought to Delaware for a jury trial, assuming the witnesses are willing to make the trip. *Dawson*, 593 F.Supp. at 26. If they are unwilling to travel the great distance, these crucial witnesses could not be compelled to do so by process issued by this Court. *Id.*

Third, a majority of the relevant documents are not in English. Translation of each of these documents to the English language would create another burden in litigating this claim in Delaware. Dismissing this case in favor of the Swiss litigation will alleviate this and other practical problems, making the trial of the case more expeditious and less expensive. *Dahl*, 632 F.3d at 1031. The only way to ensure all relevant claims are litigated in a single court is to

6

dismiss the current action in favor of the prior filed litigation in Switzerland. Overall, an analysis of each of the private interest factors favors dismissal.

### ii. Public Interests Favor Dismissal

The public interest factors to be considered in forum non conveniens balancing include (1) the administrative difficulties flowing from court congestion, (2) the local interest in having localized controversies decided at home, (3) the locus of the alleged culpable conduct, and (4) the unfairness of burdening citizens in an unrelated forum with jury duty. *Piper Aircraft Co.*, 454 U.S. at 241; *Van Cauwenberghe v. Biard*, 486 U.S. 517, 528 (1988).

First, the administrative burdens this Court will face include translation of documents and testimony to English, as discussed above. Additionally, as the United States Supreme Court points out, there is a practical problem of litigating a case that involves international parties. "The American courts, which are already attractive to foreign plaintiffs, would become even more attractive. The flow of litigation to the United States would increase and further congest already crowded courts." *Piper Aircraft*, 454 U.S. at 252.

Turning to the second and third factors, Switzerland has a strong local interest in deciding this action. The lawsuit itself revolves around actions that allegedly took place in Switzerland, among individuals that live and/or work in Switzerland, and the claim will be evaluated based on evidence and witnesses located in Switzerland and Germany. It is clear that the only places where any negotiating could have taken place, - the locus for the alleged culpable conduct - were in Switzerland and Germany. *See Banco* 748 F.Supp. at 1075; *Van Caiwemberghe*, 486 U.S. at 528. Brunswick also seeks remedies affecting property and assets in located in Switzerland and shipped from Switzerland. On the other hand, Defendant understands that Plaintiff does not transact any business in Delaware, has no offices in Delaware, nor has any personnel in

Delaware. The scope of the alleged debt and the parties involved are issues more important to Switzerland than Delaware. *Banco* 748 F. Supp. at 1077. As in *Banco*, "[t]he only connection Delaware has to this matter is that the Defendant is incorporated here." *Id.*

Finally, as this Court has pointed out, "it [is] unfair to burden Delaware citizens with jury duty . . . when Delaware has so little connection with [a] controversy which is chiefly local in nature and completely centered in [a foreign country]." *Dawson*, 593 F. Supp. at 23.

### iii. The Great Weight of Evidence Tips Heavily in Favor of Dismissal

The task of balancing the private and public interest factors as essentially qualitative, not quantitative. *Lacey*, 932 F.2d at 182. Based on the analysis of the factors above, the great weight of evidence tips heavily in favor of dismissing this case on grounds of forum non conveniens.

### II.     This Case Should Be Stayed Pending Resolution of the Swiss proceeding

This Court has discretion to enter the requested stay. *Research Corp. v. Radio Corp. of America*, 181 F. Supp. 709, 710 (D. Del. 1960) ("A motion to stay is addressed to the sound discretion of court, and [the] denial or grant of [a] stay is predicated upon inherent power of [a] court to control its docket.") A Court should exercise its discretion and issue a stay when resolution of another case "in all likelihood . . . will settle many [issues] and simplify them all." *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936).

A court's discretion "should be exercised freely in favor of the stay when there is a prior action pending elsewhere, in a court capable of doing prompt and complete justice, involving the same parties and the same issues." *McWayne Cast Iron Pipe Corp. v. McDowell Wellman Eng'g Co.*, 263 A.2d 281, 283 (Del. 1970). The issue of whether Bowling Switzerland is liable to

8

Brunswick under the alleged contract and alleged account stated agreement will be decided promptly and completely in the Swiss proceeding. The Swiss case is a debt enforcement proceeding based on amounts allegedly owed on the same transaction. If the Swiss court finds Bowling Switzerland is not liable for the alleged debt, the Swiss proceeding will completely resolve the issues in this case. If the present case is not stayed, the parties will conduct extensive and costly discovery that in all likelihood will be unnecessary once the Swiss proceeding is resolved. Such potential waste will be avoided by staying this case. *See Banco*, 748 F. Supp. at 1078. In the present case, all of these factors weigh heavily in favor of a stay of this action pending resolution of the Swiss proceeding.

## Conclusion

Based on the foregoing, Defendant respectfully submits that the Court should grant its motion to dismiss this case on the grounds of forum non conveniens or, in the alternative, to stay this litigation pending resolution of a related case filed in Switzerland.

Respectfully submitted,

s/Arthur G. Connolly, III
Arthur G. Connolly, III (#2667)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
(302) 658-9141

*Attorneys for Bowling Switzerland, Inc.*

DATED:   September 28, 2007

#566526v3

9

## CERTIFICATE OF SERVICE

      I hereby certify that on September 28, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to counsel of record on the Court's CM/ECF registrants list for this case. I further certify that on September 28, 2007, I caused a copy of the foregoing document to be served upon the following counsel in the manner indicated:

### BY E-MAIL AND HAND DELIVERY

William D. Sullivan, Esquire
Elihu E. Allinson, III, Esquire
William D. Sullivan, LLC
4 East 8th Street, Suite 400
Wilmington, DE 19803
bill@williamdsullivanllc.com
zeke@williamdsullivanllc.com

### BY E-MAIL

David J. Fischer, Esquire
David P. Vallas, Esquire
Wildman, Harrold, Allen & Dixon LLP
235 West Wacker Drive, Suite 3000
Chicago, IL 60606
fischer@wildman.com
vallas@wildman.com

                                            /s/ Arthur G. Connolly, III
                                            Arthur G. Connolly, III (#2667)

# EXHIBIT A




Date: 10.03.05

## FAX

| | | | |
|---|---|---|---|
| To: | Distribution | From: | Giuseppe Avolio |
| Company: | Brunswick | Company: | Bowling Switzerland Inc. |
| Address: | | Address: | Route de St-Cergue 303<br>1260 Nyon, Switzerland |
| Re: | Brunswick seats test of combustibility | | |
| Telephone: | | Telephone: | +41 22 994 35 75 |
| Fax: | | Fax: | +41 22 994 35 85 |

Pages Sent:

Message:

### Distribution

Peter Moloney
Detlef Pueschel
Frantz Baechtold

Cc : Brent Perrier

Gentlemen,

Until 2000, Bowling Switzerland Inc. was exclusive AMF distributor for Switzerland territory. Your company (Brunswick), approached me interested to work with my company on the bowling equipment sales for Switzerland.
Peter Moloney was, at this moment, my principal contact.
Your company made me understands that it could be possible to get a distributor contract. However, due to my developing plan, I mentioned it was extremely important to me that I could be confident to change, after 20 years with AMF, to Brunswick.
I try to get certification on good equipment, good delivery and good services.
From 2000 to 2002, Bowling Switzerland bought to your company, in less than 24 months, a total of 86 lanes representing a revenue of approx. Euros 1'600'000.-

I don't want to make a list of all the problems we had with our customers during these last 3 years (scoring, bumpers, machines, counters etc.).
Your company, instead of resolving all these problems, simply claimed to Bowling Switzerland the payment of the remaining balance due on the above mentioned acquisitions.

In addition, today we realize that Brunswick became our major competitor and try to trick us on some projects (Schaffausen, Lausanne and others)

This is a summary of my short story with your company.

The present is worse: we discover that you sold us equipment which is not in conformity with the law on security against fire (seats combustibility).
In Geneva, we installed with your equipment the largest bowling center of Switzerland (La Praille). Today, our customer risks to close his business due to the non conformity of your seats (see the attachments).
In consequence, we have today the risk, if we do not change the seats, to close after 30 days the following centers :
- La Praille / Geneva        26 lanes
- Muntelier / Fribourg       24 lanes
- Sevaz / Fribourg           20 lanes
- Château d'Oex / Vaud       12 lanes
- Montana / Valais            4 lanes

and, in addition, your future sales projects in Switzerland.

We have 30 days to find a solution.

I ask you to help and maybe for the first time since 3 years, to operate as a partner in the interest of your company and mine.

I take all the legal reserve in order to protect my company and my business.

Best regards,


Giuseppe Avolio
General Manager

# EXHIBIT B

Office des Poursuites et
Faillites de Nyon-Rolle
Av. Reverdil 2 C.P. 1304
CCP 10-6777-0
1260 Nyon 1
Tél. 022 557 50 80

# Commandement de payer
POUR LA POURSUITE ORDINAIRE PAR VOIE DE SAISIE OU DE FAILLITE

Poursuite N° 4080840
(A rappeler dans toute communication)

DÉBITEUR :  BOWLING SWITZERLAND INC.,
WILMINGTON, SUCC. DE NYON,
p.n. Giuseppe Avolio, dir. adm.,
Rte St-Cergue 303, 1260 NYON

À NOTIFIER À

CRÉANCIER : BRUNSWICK GmbH

Ginnheimer Strasse 6
D-65760 ESCHBORN

MANDATAIRE :  Me Franz SZOLANSKY, avocat
CCP : 80-500-4            Bratschi Emch Rechtsanwälte
CS, ZURICH                Bahnhofstr. 106
127597-01-1               8023 ZURICH

Requiert paiement de    01) Fr.  174.376,80  plus intérêt à  5,00 %  du  01.10.2006
                        02)      175.991,40                 5,00        25.12.2006
                        03)       30.714,93                 5,00        17.01.2007

Ainsi que les frais du présent commandement de payer, Fr. 200,00 plus encaissement de Fr. 500,00

Titre et date de la créance, cause de l'obligation:

1) Reconnaissance de dette du 7 juin 2006. (EUR 236'023.25 converti en CHF selon le cours du jour 1.6146/17 janvier 2007).

Le débiteur est sommé de payer au créancier les sommes ci-dessus ainsi que les frais de poursuite.

Si le débiteur entend contester tout ou partie de la dette ou le droit du créancier d'exercer des poursuites, il doit former opposition, c'est-à-dire en faire, verbalement ou par écrit, la déclaration immédiate à celui qui lui remet le commandement de payer ou à l'office soussigné dans les dix jours à compter de la notification du commandement de payer. Le débiteur poursuivi qui ne conteste qu'une partie de la dette doit indiquer exactement le montant contesté, faute de quoi la dette entière est réputée contestée.

Si le débiteur poursuivi en raison d'une créance demeurée totalement ou partiellement impayée dans une procédure de faillite ou soumise en vertu de l'art. 267 LP aux mêmes restrictions qu'une créance pour laquelle un acte de défaut de biens a été délivré entend contester le droit de faire valoir ladite créance par la voie d'une poursuite parce qu'il ne serait pas revenu à meilleure fortune, il doit le mentionner expressément dans son opposition, sauf à être déchu du droit de faire valoir ce moyen.

Si le débiteur et son conjoint vivent sous le régime de la communauté de biens (art. 221 ss CC), l'office des poursuites doit en être avisé afin qu'il puisse également notifier au conjoint le commandement de payer et les autres actes de poursuite. Le conjoint peut aussi former opposition. Si le débiteur ou son conjoint entend, non pas contester l'existence de la dette ou son montant, mais simplement faire valoir que les biens propres du débiteur ou sa part aux biens communs répondent de la dette à l'exclusion des biens communs, l'opposition doit être motivée dans ce sens, faute de quoi l'existence et le montant de la dette sont également réputés contestés.

Si l'épouse poursuivie est soumise au régime de l'union des biens ou de la communauté des biens selon le Code civil dans sa teneur de 1907 (cf. art. 9e et 10/10a Titre final CC), un commandement de payer n'est notifié à son mari que si le créancier en fait la demande. Dans ce cas, le mari peut aussi former opposition. Si la débitrice ou son mari entend, non pas contester l'existence de la dette ou son montant, mais simplement faire valoir que les biens réservés de la femme répondent seuls de la dette, l'opposition doit être motivée dans ce sens, faute de quoi l'existence et le montant de la dette sont également réputés contestés.

Si le débiteur n'obtempère pas à la présente sommation de payer, le créancier pourra requérir la continuation de la poursuite.

1260 Nyon 1, le 26.01.2007

Office des poursuites

Notification: Le présent acte a été notifié aujourd'hui le _____

à *_____

* Indiquer, sur chaque exemplaire, la personne à laquelle l'acte a été remis.
La notification ne peut être opérée ni par lettre ordinaire, ni par lettre recommandée.

(Signature du fonctionnaire qui procède à la notification)

**Opposition**

Le débiteur est autorisé à déclarer son opposition au moment de la notification. Dans ce cas, l'opposition est consignée sur chaque exemplaire par le fonctionnaire qui procède à la notification en donne acte en apposant sa signature.

Bowling Switzerland, Inc.
Route de Saint-Cergue 303
1260 Nyon / Suisse
Tél. 022 994 35 75 - Fax 022 994 35 85
Signature: