## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BRUNSWICK GMBH,                    )
                                   )
                                   )
            Plaintiff,             )
v.                                 )          Case No.  07-471 (JFF)
                                   )
BOWLING SWITZERLAND, INC.,         )
                                   )
                                   )
            Defendant.             )

## PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S
## MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS

William D. Sullivan, Esq.
Elihu E. Allinson, III, Esq.
William D. Sullivan, LLC
4 East 8th Street, Suite 400
Wilmington, DE 19801
phone: (302) 428-8191
fax: (302) 428-8195

Of counsel:

David J. Fischer
David P. Vallas
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Street, Suite 3000
Chicago, IL 60606
312-201-2000

*Attorneys for Brunswick GmbH*

Dated: October 19, 2007
       Wilmington, Delaware

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................... ii

NATURE AND STAGE OF PROCEEDINGS ............................................................... 1

SUMMARY OF ARGUMENT ....................................................................................... 1

FACTS ............................................................................................................................ 2

        A.     The Parties ................................................................................................3

        B.     The Transaction .......................................................................................4

ARGUMENT ................................................................................................................... 5

    I.     Defendant has not shown circumstances so strongly in its favor that dismissal for forum non conveniens is appropriate. ...............................................................................................5

        A.     Defendant has failed to demonstrate that there is a suitable alternative forum in which to bring this action ...........................................6

        B.     Brunswick has significant contacts with the United States, and is therefore entitled to strong deference in its choice of forum..........................................................................................................8

        C.     Defendant has not shown that the balance of public and private interests weigh so heavily in its favor to warrant dismissal for forum non conveniens ...........................................................9

    II.    A stay of proceedings is inappropriate given that there is no other proceeding pending in any other jurisdiction ...............................................12

CONCLUSION.............................................................................................................. 14

## TABLE OF AUTHORITIES

**Cases:**

*Banco Nominees Ltd. v. Iroquois Brands, Ltd.* 748 F. Supp. 1070 (D. Del. 1990) ........................6

*Constructora Ordaz, N.V. v. Orinoco Min. Co.*, 262 F. Supp. 90 (D. Del. 1966) ..........................8

*DeEmedio v. Nationwide Ins. Co.*, 1987 WL 6452 (Del. Super. 1987) ........................................12

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1946) ..............................................................................6

*Lacey v. Cessna Aircraft Co.*, 932 F.2d 170 (3d Cir. 1991) ..........................................................12

*Life Assurance Co. of Pennsylvania v. Associated Investors Int'l Corp.*, 312 A.2d 337 (Del. Ch. 1973) ...........................................................................................................................................9, 11

*McWayne Cast Iron Pipe Corp. v. McDowell Wellman Engineering Co.*, 263 A.2d 281 (Del. 1970) .........................................................................................................................................12, 13

*Mobil Tankers Co. v. Mene Grande Oil Company*, 363 F.2d 611 (3d Cir. 1965) ......................8, 9

*Monsanto Co. v. Aetna Cas. and Sur. Co.*, 559 A.2d 1301 (Del. Super. 1988) ............................12

*Norwood v. Kirkpatrick*, 349 U.S. 29 (1955) ..................................................................................6

*Phoenix Canada Oil Co. Ltd. v. Texaco, Inc.*, 78 F.R.D. 445 (D. Del. 1978) .....................6, 10, 11

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) ..........................................................................9

*Van Cauwenberghe v. Biard*, 486 U.S. 517 (1988) .......................................................................11

**Exhibits:**

Exhibit A:   Affidavit of Rick Hayes ..............................................................2, 3, 4, 8, 10

Exhibit B:   Affidavit of Franz Szolansky ...........................................................3, 5, 7

Exhibit C:   *DeEmedio v. Nationwide Ins. Co.*, 1987 WL 6452 (Del. Super. 1987)....................12

## NATURE AND STAGE OF PROCEEDINGS

On July 30, 2007, plaintiff Brunswick GmbH ("Plaintiff") filed a Complaint in this Court against defendant Bowling Switzerland, Inc. ("Defendant"), seeking damages for Defendant's breach of a settlement agreement and for account stated. Defendant responded on September 28, 2007 with its Motion to Dismiss Or, In The Alternative, To Stay Proceedings and an accompanying brief.

Brunswick, through its undersigned attorneys, respectfully submits this answering brief in opposition to Defendant's motion to dismiss.

## SUMMARY OF ARGUMENT

1.    On September 28, 2007, Defendant requested that the Court enter an order dismissing this case under the doctrine of forum non conveniens. A dismissal for forum non conveniens should only be granted in exceptional circumstances that strongly favor the Defendant. Defendant has not made such a showing here.

2.    This is not a case where a completely foreign plaintiff is attempting to bring a completely foreign defendant into the United States courts. Defendant is a Delaware corporation. Plaintiff is a wholly-owned subsidiary of Brunswick Corporation, a Delaware corporation. Likewise, much of this transaction involved Plaintiff's sister company, Brunswick Bowling & Billiards Corporation, another Delaware corporation. Because of the relationships the parties to Delaware, Plaintiff's choice of forum is entitled to significant deference, and should not be disturbed absent a strong showing on the part of the Defendant.

3.    Contrary to the contentions of Defendant, no suit has been brought in Switzerland. Additionally, Defendant has presented no evidence that the Swiss courts would provide an adequate forum to bring this action.

4.    The balancing of public and private factors does not weigh so substantially in favor of the Defendant that dismissal on the basis forum non conveniens is warranted. Specifically, Defendant has not offered any proof that the pursuit of litigation in Delaware would be so inconvenient and inefficient as to justify a dismissal. In addition, Defendant has not made any significant showing that the public interest factors weigh in Defendant's favor.

5.    The alternative relief Defendant seeks – to stay this case pending the outcome of the purported Swiss proceeding – is also inappropriate as there is no pending action in any other jurisdiction. As a result, staying the proceedings in this Court would not comport with the policy behind the discretionary stay that Defendant invokes.

## FACTS

Defendant has mischaracterized this case as a dispute over Defendant's failure to pay for certain goods it purchased from Plaintiff. *See* Defendant's Brief (D.I. 9), p. 2. To the contrary, the parties have already resolved that dispute with a June 7, 2006 settlement agreement. *See generally* Complaint (D.I. 1), ¶¶ 12-14. Defendant failed to honor its obligations under that agreement and this case ensued. *See generally* Complaint (D.I. 1), Count I. Additionally, Plaintiff states a claim for account stated for the underlying debt referenced in the parties' June 7, 2006 agreement. *See generally* Complaint (D.I. 1), Count II.

The parties' June 7, 2006 settlement agreement arises from Defendant's failure to pay for capital equipment and related goods Defendant purchased from Plaintiff for a bowling center. *See generally* Complaint (D.I. 1). Specifically, Defendant placed two orders for the purchase of bowling equipment and related goods from Plaintiff's sister corporation in September, 2002. *See* Affidavit of Rick Hayes ("Hayes Affidavit"), attached hereto as Exhibit A, ¶ 9. This order was filled by Plaintiff. Although Defendant has admitted that a balance of € 272,486.58 (Euros) was

2

owing to Plaintiff and subsequently agreed to settlement of this debt, Defendant has failed to satisfy this balance. *See* Complaint (D.I. 1), ¶¶ 9-11. As of December 6, 2006, a balance of no less than € 217,000 remained. *See* Complaint (D.I. 1), ¶ 21. Plaintiff had its Swiss counsel send a demand letter called a "commandement de payer" to Defendant on January 26, 2007, requesting that Defendant admit and pay this balance. *See* Affidavit of Franz Szolansky ("Szolansky Affidavit"), attached hereto as Exhibit B, 4. Defendant inexplicably denied that this balance is owing and refused to pay it. *See* Szolansky Affidavit, 7. Rather than proceeding in the Swiss courts, Plaintiff commenced the instant action.

### A.    The Parties.

Plaintiff is a German corporation. *See* Complaint (D.I. 1), ¶ 1. It is a wholly-owned subsidiary of Brunswick Corporation, a Fortune 500 company incorporated in Delaware whose stock is traded on the New York Stock Exchange. *See* Hayes Affidavit, ¶ 6. Plaintiff is in the business of selling capital equipment and related goods for bowling centers throughout Europe and is a distributor of capital equipment manufactured by other companies in the Brunswick Corporation family. *See* Hayes Affidavit, ¶ 8. A significant portion of the bowling equipment and related goods Plaintiff distributes are manufactured by Brunswick Bowling & Billiards Corporation. *See* Hayes Affidavit, ¶¶ 11-12. Brunswick Bowling & Billiards Corporation is a Delaware corporation with its principal place of business in Lake Forest, Illinois. *See* Hayes Affidavit, ¶ 4. It is also wholly-owned subsidiary of Brunswick Corporation. *See* Hayes Affidavit, ¶ 5.

Defendant is a Delaware corporation. *See* Complaint (D.I. 1), ¶ 2; *see* Defendant's Brief (D.I. 9), p. 3. Its principal place of business is in Nyon, Switzerland. *See* Complaint (D.I. 1), ¶ 2.

**B.    The Transaction.**

In September 2002, Defendant placed two orders with Brunswick Bowling & Billiards (U.K.) Ltd. for the purchase of certain capital equipment and related goods for a bowling center. *See* Hayes Affidavit, ¶ 9.   Brunswick Bowling & Billiards (U.K.) Ltd. is a wholly owned subsidiary of Brunswick Corporation and is in the business of selling and distributing equipment and goods manufactured by the other Brunswick companies. *See* Hayes Affidavit, ¶ 9.

Defendant placed these orders by an email to Peter Moloney, Managing Director of Brunswick Bowling & Billiards (U.K.) Ltd.  This email was in English. *See* Hayes Affidavit, ¶¶ 9, 12.  Mr. Moloney accepted this order and directed that it be administered by Plaintiff. *See* Hayes Affidavit, ¶¶ 9, 12.  Mr. Moloney confirmed this to Defendant in an email, which was also in English. *See* Hayes Affidavit, ¶ ¶ 9, 12.  To fill Defendant's order, Plaintiff instructed its sister companies to manufacture and ship the ordered equipment directly to Defendant. *See* Hayes Affidavit, ¶ 10. Approximately seventy percent (70%) of the bowling equipment sold to Defendant was shipped directly from Brunswick Bowling & Billiards Corporation's facility in Muskegon, Michigan. *See* Hayes Affidavit, ¶¶ 11-12.  The balance was shipped from another Brunswick company located in Hungary. *See* Hayes Affidavit, ¶ 12.

Almost all of the correspondence between the Brunswick companies and Defendant relating to these orders was in English. *See* Hayes Affidavit, ¶ 11.  The change orders were in English, the packing labels were in English, the invoices were in English, and Defendant's questions and issues concerning this equipment were answered and resolved in English. *See* Hayes Affidavit, ¶ 11.

Defendant failed to pay for this bowling equipment when it came due.  On or about May 5, 2006, Plaintiff requested that Defendant confirm that it owed Plaintiff a balance of

4

€217,486.58. *See* Complaint (D.I. 1), ¶ 8. Defendant responded and confirmed this balance. *See* Complaint (D.I. 1), ¶ 9. All of this correspondence was in English. *See* Exhibit A to the Complaint (D.I. 1). Nonetheless, Defendant failed to pay. Between February 23, 2006 and June 7, 2006, the parties had various discussions about the balance owed to Defendant. *See* Complaint (D.I. 1), ¶ 11. The parties reached an agreement, as memorialized in a June 7, 2006 letter (which was also in English). *See* Complaint (D.I. 1), ¶ 11. Pursuant to the terms of this agreement, Plaintiff agreed to a certain credit in favor of Defendant, and Defendant agreed to pay the remaining outstanding balance in eight installments. *See* Complaint (D.I. 1), ¶ 11. Defendant also agreed to a general release of all claims in favor of Plaintiff and its affiliates. *See* Complaint (D.I. 1), ¶ 11. Defendant failed to pay the installments as and when they were due. *See* Complaint (D.I. 1), ¶ 14.

On December 8, 2006, Plaintiff's Swiss counsel sent a letter to Defendant demanding payment of the outstanding balance. *See* Complaint (D.I. 1), ¶ 15. Defendant failed to pay. On or about January 26, 2007, Plaintiff's Swiss counsel sent another demand letter (the "commandement de payer") to Defendant demanding that it admit and satisfy the outstanding balance owed to Plaintiff. *See* Szolansky Affidavit, ¶ 4. Defendant refused to pay on the demand letter. *See* Szolansky Affidavit, ¶ 7. As a result, on or about July 30, 2007, Brunswick initiated this proceeding. No judicial proceeding was ever commenced in Switzerland. *See* Szolansky Affidavit, ¶¶ 6, 8.

## ARGUMENT

**I.    Defendant has not shown circumstances so strongly in its favor that dismissal for forum non conveniens is appropriate.**

The doctrine of forum non conveniens does not apply to this case. The doctrine developed as a way to resolve the issue that general venue statutes are sometimes misused to

harass defendants. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1946). In particular, courts worried about plaintiffs strategically "forcing the trial at a most inconvenient place for an adversary[.]" *Id.* Forum non conveniens is a discretionary power granted to the courts to be exercised in "exceptional circumstances[,]" and those circumstances must weigh "strongly in favor of the defendant[.]" *See id.* at 506-508. Indeed, "the plaintiff's choice of forum should rarely be disturbed." *Id.* at 508. This doctrine applies to dismiss a case where "the forum chosen by the plaintiff is so completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else." *Phoenix Canada Oil Co. Ltd. v. Texaco, Inc.*, 78 F.R.D. 445, 452-53 (D. Del. 1978) (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955)). In this case, Defendant does not argue that this Court lacks jurisdiction or that venue is statutorily improper, and therefore Brunswick's choice of Delaware should weigh heavily in this analysis.

The analysis of whether the doctrine of forum non conveniens is appropriate involves three steps: (1) a determination that there is a suitable alternative forum, (2) a determination of the degree of deference afforded to the plaintiff's choice of forum, and (3) an examination of a variety of public and private interest factors. *Banco Nominees Ltd. v. Iroquois Brands, Ltd.* 748 F. Supp. 1070, 1073 (D. Del. 1990) (citing, *inter alia*, *Gulf Oil*, 330 U.S. at 508-09). The burden of persuasion on all of these factors rests solely with the moving defendant, and the defendant must overcome a strong presumption in favor of the Plaintiff. Here, Defendant has not overcome this strong presumption in favor of Plaintiff's chosen forum, and therefore has not met its burden of persuasion.

       **A.**      **Defendant has failed to demonstrate that there is suitable alternative forum in which to bring this action.**

Contrary to Defendant's contention, Plaintiff has neither an adequate alternative forum

nor one in which it has already sought redress. *See* Defendant's Brief (D.I. 9), p. 3. Defendant argues that Plaintiff has "already submitted to the jurisdiction of the Swiss courts by filing suit there." *Id.* This statement is patently false. In support of its argument, Defendant points to the "commandement de payer" letter of January 26, 2007. Defendant refers to this letter as a "proceeding" brought by the Plaintiff in Switzerland. Contrary to Defendant's assertions, however, a "commandement de payer" is neither a legal proceeding nor a summons; the letter's American analogue is a demand letter sent *prior* to the filing of a lawsuit. *See* Szolansky Affidavit, ¶¶ 5-6. This letter does not begin any judicial proceeding and carries none of the imprimatur of the Swiss courts. *See* Szolansky Affidavit, ¶¶ 5-6. The Swiss demand letter merely asks the defendant whether or not the debt is contested so that the plaintiff may *subsequently* file suit in the proper Swiss court. *See* Szolansky Affidavit, ¶¶ 5-6. The process described by Defendant puzzlingly mischaracterizes the post-demand purported filing of a lawsuit in Switzerland as a "motion . . . to set aside the judgment[.]" *See* Defendant's Brief (D.I. 9), p. 3. In reality, the process in Switzerland is simple: first a demand letter is sent to the debtor. Next, depending on the debtor's response, the creditor may file a lawsuit to pursue a judgment in one of a couple of different Swiss courts. *See* Szolansky Affidavit, ¶ 8. However, Defendants have failed utterly to demonstrate which Swiss court, if any, may be available given the circumstance of this dispute. Here, Plaintiff has merely sent a demand letter to Defendants. *See* Szolansky Affidavit, ¶¶ 5-6. Plaintiff has not instituted any legal proceeding against Defendants in Switzerland or anywhere else other than in this Court. *See* Szolansky Affidavit, ¶ 8.

In addition, Defendant has not presented any evidence or allegations that the Swiss courts would provide an adequate, alternative forum. As a result, Defendant has not met its burden of showing that an adequate, alternative forum exists in which Plaintiff can fully litigate its rights.

Defendant merely alleges that Defendant does business in Switzerland and that Plaintiff is a German company. Defendant's argument that the Swiss courts are an adequate forum to adjudicate the parties' dispute is entirely unsupported.

Given that Brunswick has not filed any formal action against the Defendant in any jurisdiction other than in this Court, and that there is no evidence that the Swiss judicial system might offer Plaintiff an opportunity for relief, Defendant has not met its burden of showing that there is a suitable alternative forum for Plaintiff to bring this action.

**B.      Plaintiff has significant contacts with the United States, and is therefore entitled to strong deference in its choice of forum.**

As stated before, Plaintiff is a wholly-owned subsidiary of Brunswick Corporation. Brunswick Corporation is a Fortune 500, public company incorporated in Delaware with its principal place of business in Lake Forest, Illinois. *See* Hayes Affidavit, ¶ 6. The fact that a foreign plaintiff is wholly-owned by a U.S. corporation is an important consideration in the forum non conveniens analysis. *See Constructora Ordaz, N.V. v. Orinoco Min. Co.*, 262 F. Supp. 90, 92 (D. Del. 1966) (interpreting *Mobil Tankers Co. v. Mene Grande Oil Company*, 363 F.2d 611, 614 (3d Cir. 1965) (noting that American corporate citizens have the right to incorporate their subsidiaries in foreign countries and still be free to invoke American justice).

The case at bar is essentially an American corporate citizen bringing suit against another American corporate citizen. Moreover, the vast majority of the goods Defendant ordered from Plaintiff were shipped directly from the Plaintiff's sister company, Brunswick Bowling & Billiards Corporation. *See* Hayes Affidavit, ¶¶ 11-12. Likewise, Defendant communicated and worked with Brunswick Bowling & Billiards Corporation for this shipment. *See* Hayes Affidavit, ¶¶ 11-12.

In light of these factors, Plaintiff's selection of Delaware as the proper forum for this

8

action "should not be disregarded in the absence of persuasive evidence that the retention of jurisdiction will result in ***manifest injustice*** to the respondent . . . . This is so even though the more convenient forum may be the foreign one." *Mobil Tankers*, 363 F.2d at 614 (emphasis added, internal citations omitted). The "strong presumption in favor of the plaintiff's choice of forum" applies with full force here. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981); *Mobil Tankers*, 363 F.2d at 614.

The connection of Plaintiff and Defendant to the United States, and specifically to the State of Delaware is much more than Defendant argues in its motion to dismiss. Defendant incorporated itself in Delaware and has availed itself of the protections of the Delaware laws. It can hardly be said that Defendant is "harassed" by having suit brought against it in its place of incorporation. Also, as stated above, this is not a case where a completely foreign entity attempts to unfairly benefit from the United States judicial system while unduly harassing a completely foreign defendant. This is a case where a plaintiff with strong ties to the United States has properly brought suit in the very jurisdiction where defendant incorporated.

> **C.    Defendant has not shown that the balance of public and private interests weigh so heavily in its favor to warrant dismissal for forum non conveniens.**

Defendant asserts that three private interest considerations favor dismissal: that witnesses and evidence are located in Switzerland and Germany, that it would be impractical and expensive to have witnesses and evidence brought to Delaware, and that the majority of the relevant documents are not in English. *See* Defendant's Brief (D.I. 9) at 6. The fact that witnesses and evidence are located outside Delaware, however, is not dispositive of the issue. *See Life Assurance Co. of Pennsylvania v. Associated Investors Int'l Corp.*, 312 A.2d 337, 341 (Del. Ch. 1973) (holding, *inter alia*, that although all witnesses resided in England and were not

subject to the court's subpoena power, these facts were not dispositive of a forum non conveniens motion).

In addition, the concern that some of the underlying documents are purportedly not in English is misguided. First, all of the pertinent documents are in English. The parties' June 7, 2006 settlement agreement, a copy of which is attached to the Complaint as Exhibit B, and which is the basis for Count I of the Complaint, is entirely in English. Moreover, Plaintiff's May 5, 2006 request that Defendant confirm the balance owed is also entirely in English. The May 5 and June 7, 2006 letters are the basis for Count II of the Complaint. Likewise, the communication relating to Defendant's underlying orders is also in English. *See* Hayes Affidavit, ¶ 12. Defendant placed the orders in English, communicated its questions and concerns about these orders in English, and was invoiced in English. *See* Hayes Affidavit, ¶¶ 9, 11-12. It simply cannot be said that "a majority of the relevant documents are not in English". *See* Defendant's Brief (D.I. 9), p. 6. To the contrary, the crucial documents – the May 5 and June 7, 2006 letters – are indeed in English, as are almost all of the documents pertaining to the underlying sale.

Nonetheless, even if some of the relevant documents are in French, this consideration should not weigh heavily on the Court's determination. In fact, this Court in *Phoenix* noted that "it has been resolved beyond peradventure that courts in this country possess the capability to try cases dependent upon documents written in other languages." *Phoenix*, 78 F.R.D. at 454. In that case, the court went on to note that "Spanish is hardly an obscure and abstruse language that would provide extreme difficulty in obtaining accurate translations." *Id.* Even if some of the documents in the present case are in French, this is not an "obscure and abstruse language."

Furthermore, Defendant has not presented any affidavits or other evidence that may support any of the contentions it makes in its brief. *See generally*, Defendant's Brief (D.I. 9). It

10

is unclear, for instance, who any potential witnesses may be, where they are located, what documents may need to be translated, and what other evidence would be so allegedly burdensome to bring to Delaware to warrant a dismissal under forum non conveniens. Although this Court's inquiry need not be extensive, it should at least require *some* showing, for example by affidavit. *See Van Cauwenberghe v. Biard*, 486 U.S. 517, 529 (1988) (finding that a District Court's inquiry into the fact of a forum non conveniens case "does not necessarily require extensive investigation, and may be resolved on affidavits presented by the parties").

In examining the foregoing private factors, Defendant has not met its burden to show that the private interest considerations are "so completely inappropriate and inconvenient" that it would be better to halt this litigation and start the entire process over again in Switzerland. *Phoenix* 78 F.R.D. at 452.

Defendant's public interest analysis is equally unavailing. First, Defendant points to the "administrative burdens" in translating documents and testimony into English. Defendant's Brief (D.I. 9) at 7. As state above, this translation burden is virtually nonexistent and at worst only a minor issue. This Court certainly has the ability to handle such a case.

Defendant also argues that litigating a case that involves international parties will cause such an influx of litigation with foreign parties that they will clog the Delaware court system. *See* Defendant's Brief (D.I. 9) at 7. This consideration is simply unfounded. This is not a case where two international parties have forum shopped to have their international dispute adjudicated in an American court. This is a foreign subsidiary of a Delaware corporation suing another Delaware corporation over a transaction that has ties to the United States. Moreover, by incorporating in Delaware, Defendant has exposed itself to litigation in this state. Defendant is now improperly attempting to escape the very jurisdiction it chose to make its home. *See Life*

*Assurance*, 312 A.2d at 341 (noting that "it is somewhat unseemly for a Delaware corporation to struggle against being sued in a Delaware court[,]" although also noting that the place of incorporation is not absolutely dispositive).

In addition, Defendant improperly minimizes the fact that both it and Plaintiff's parent are incorporated in Delaware when considering the public interest factors. "Delaware has an interest in opening its Courts to Delaware citizens in order to provide them with a forum in which to seek justice." *Monsanto Co. v. Aetna Cas. and Sur. Co.*, 559 A.2d 1301, 1315 (Del. Super. 1988) (quoting *DeEmedio v. Nationwide Ins. Co.*, 1987 WL 6452 (Del. Super. 1987) (attached hereto as Exhibit C), and limiting the line of cases holding that "incorporation itself is not sufficient contact with Delaware to support the selection of Delaware as a forum"). Taking *Life Assurance* and *Monsanto* together, a subsidiary of a Delaware corporation should be able to sue another Delaware corporation in the State of Delaware. Even when viewed most favorably for Defendant, the public interest factors weigh equally in favor of Switzerland and Delaware as proper fora. "If, when added together, the relevant private and public interest factors are in equipoise, or *even if they lean only slightly toward dismissal*, the motion to dismiss must be denied." *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 180 (3d Cir. 1991) (emphasis added).

Given that the (1) Defendant has failed to demonstrate that the Swiss courts are a suitable alternative forum, (2) Plaintiff's choice of forum is entitled to great deference, and (3) the private and public interest factors, even viewed most favorably for Defendant, weigh at most only *slightly* in favor of Defendant, Defendant's motion to dismiss should be denied, and this litigation should proceed before this Court.

## II.    A stay of proceedings is inappropriate given that there is no other proceeding pending in any other jurisdiction.

A stay is a discretionary matter, and is not granted as a matter of right. *McWayne Cast*

*Iron Pipe Corp. v. McDowell Wellman Engineering Co.*, 263 A.2d 281, 283 (Del. 1970). A court may grant a stay, however, if the facts and circumstances are "sufficient to move the discretion of the court." *Id.* The discretion "should be exercised freely in favor of the stay *when there is a prior action pending elsewhere*[.]" *Id.* (emphasis added). Moreover, that prior action must be pending "in a *court* capable of doing *prompt and complete justice*[.]" *See id.* (emphasis added). The rule in *McWayne* stems from deference to a plaintiff's choice of forum in that "a defendant should not be permitted to defeat the plaintiff's choice of forum in a pending suit by commencing litigation involving the same cause of action in another jurisdiction[.]" *See id.*

In this case, the exercise of a discretionary stay is unwarranted both in law and in fact. As explained above, there is no pending action in Switzerland. Sending a demand letter does not initiate a judicial proceeding and does not constitute a pending action in a court such that it should "move the discretion" of this Court.

Finally, the policy behind a discretionary grant of stay only reaffirms the deference to Plaintiff's choice of forum. *See id.* The stay allows plaintiffs to avoid being bootstrapped by defendants out of the fora of their choosing by filing a subsequent action elsewhere. Defendant misapplies the discretionary stay and seeks to stay this proceeding based on an alleged prior filed action *by the same plaintiff that has never occurred*. Even accepting (*arguendo*) Defendant's claims of a Swiss proceeding as true, a stay remains unwarranted because Plaintiff would be the complaining party in both proceedings. A discretionary stay applies to bar a defendant from pulling an action from the plaintiff's chosen forum. Here, however, Defendant has not commenced any action against Plaintiff anywhere. As a result, a discretionary grant of a stay is inappropriate here.

## CONCLUSION

For the foregoing reasons, Defendant has not met its burden of showing that the circumstances here weigh so strongly in favor of dismissal to warrant this Court's refusal to continue to hear this case. As such, Plaintiff respectfully requests that this Court enter an order denying Defendant's motion to dismiss, and proceed with this case without further delay.

Dated: October 19, 2007
     Wilmington, Delaware

WILLIAM D. SULLIVAN, LLC

*/s/ William D. Sullivan*
William D. Sullivan (No. 2820)
Elihu E. Allinson, III (No. 3476)
William D. Sullivan, LLC
4 East 8th Street, Suite 400
Wilmington, DE 19801
phone: (302) 428-8191
fax: (302) 428-8195

Of counsel:

David J. Fischer
David P. Vallas
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Street, Suite 3000
Chicago, IL 60606
312-201-2000

*Attorneys for Brunswick GmbH*

14

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

BRUNSWICK GMBH,                       )
                                      )
        Plaintiff,                    )
                                      )
        v.                            )        Case No. 07-471 (JFF)
                                      )
BOWLING SWITZERLAND, INC.,            )
                                      )
        Defendant.                    )

## AFFIDAVIT OF RICK HAYES

I, Rick Hayes, being duly sworn, do hereby depose and say:

1.      I am over the age of eighteen (18) and understand the obligations of an oath.

2.      I am employed by Brunswick Bowling & Billiards Corporation as the Director of Customer Finance and Receivables Services.

3.      As a result of my duties on behalf of Brunswick Bowling & Billiards Corporation, I have knowledge, based upon either personal experience or from the business records of Brunswick, regarding the matters set forth in this affidavit.

4.      Brunswick Bowling & Billiards Corporation is a corporation organized under the laws of the State of Delaware. Brunswick Bowling & Billiards Corporation has its principal place of business located in Lake Forest, Illinois.

5.      Brunswick Bowling & Billiards Corporation is a wholly owned subsidiary of Brunswick Corporation.

6.      Brunswick Corporation is a Fortune 500 company incorporated under the laws of the State of Delaware. Brunswick Corporation has its principal place of business located in Lake Forest, Illinois. Its stock is publicly traded on the New York Stock Exchange.

7.      Brunswick Corporation is the parent company and sole stockholder of Brunswick

**EXHIBIT
A**

International GmbH, which is the parent company and sole stockholder of Brunswick Bowling & Brunswick GmbH. Brunswick GmbH is a corporation organized under the laws of Germany.

8.      Brunswick GmbH is in the business of selling capital equipment and related goods for bowling centers. It is also a distributor of capital equipment and related goods for bowling centers manufactured by other companies in the Brunswick Corporation family of companies.

9.      In or about September, 2002, Bowling Switzerland placed two orders with Peter Molonoey, Managing Director of Brunswick Bowling & Billiards (U.K.) Ltd., for the purchase of certain bowling capital equipment and related merchandise and accessories (the "Bowling Equipment"). Brunswick Bowling & Billiards (U.K.) Ltd. is another one of the companies in the Brunswick Corporation family and is a seller and distributor of bowling equipment and related goods manufactured by the other Brunswick companies. Mr. Moloney directed Bowling Switzerland's order to be administered by Brunswick GmbH.

10.      In order to fill Bowling Switzerland's order, Brunswick GmbH had its affiliate, Brunswick Bowling & Billiards Corporation, manufacture and ship some of the Bowling Equipment directly to Bowling Switzerland.

11.      The vast majority of the communication between the Brunswick companies and Bowling Switzerland related to the Bowling Equipment, including the invoices for Bowling Switzerland's purchase of the Bowling Equipment, was in English. True and correct copies of some of this correspondence is attached hereto as Exhibit 1, and true and correct copies of some of the invoices are attached hereto as Exhibit 2. Much of this communication was between Bowling Switzerland and Brunswick Bowling & Billiards Corporation, the American subsidiary supplying much of the Bowling Equipment.

12.    Approximately seventy percent (70%) of the Bowling Equipment was shipped directly to Bowling Switzerland from Brunswick Bowling & Billiards Corporation's facility in Muskegon, Michigan.  The remaining seventy percent (30%) of the Bowling Equipment was shipped from Brunswick Bowling & Billiards Corporation's facility in Székesfehérvár, Hungary.

FURTHER THE AFFIANT SAYETH NOT.

_Rick Hayes_
_____
Rick Hayes

Subscribed and sworn to
before me this 12ᵗʰ day of
October, 2007.

_Nancy Ann Hartman_
Notary Public

"OFFICIAL SEAL"
NANCY ANN HARTMAN
Notary Public, State of Illinois
Lake County
My Commission Expires 03/04/10

My Commission Expires:

3 - 4 - 2010
_____

----- Original Message -----
**From:** Virginie MALE
**To:** Peter_Moloney@brunbowl.com
**Cc:** Edie_Green@brunbowl.com ; bob.jackson@brunbowl.com ; Brent Perrier ;
Karin_Umber@brunbowl.com
**Sent:** Thursday, September 05, 2002 12:30 PM
**Subject:** Fw: New orders

Dear Peter,

We have the pleasure to advise you of 2 new orders we are placing with you.

1) **Château d'Oex - 12 lanes**

- 12 complete package Brunswick Classic with twin bench seating
Options
- Automatic bumpers
- Mask upper ref. 035 freezframe and 036 dreamscape
- 12 free standing seating
- 7 Frameworx circular house ball rack 3 rung
- 1 lane conditionner Phoenix machine C 220 v - # 61-860331-220
- House ball European drilled
Urethane house balls - 60-102804-34
6 Lbs * 7
7 Lbs * 6
8 Lbs * 7
9 Lbs * 6
10 Lbs * 7

Plastic House balls - 60-102005-94
11 Lbs * 6
12 Lbs * 7
13 Lbs * 7
14 Lbs * 8
15 Lbs * 7
16 Lbs * 4

Colors : Strawberry/Yellow - table top for the house ball rack : dark
The confiuration of this center is 4+4+4

2) **Montana - 4 lanes**

- 4 complete package Brunswick Classic with twin bench seating
Options
- Automatic bumpers
- Mask upper ref. 035 freezframe and 036 dreamscape
- 10 free standing seating
- 2 Frameworx cocktail table



EXHIBIT
1

- 2 Frameworx circular house ball rack 3 rung

- House ball European drilled
Urethane house balls - 60-102804-34
6 Lbs * 4
8 Lbs * 4
10 Lbs * 4

Plastic House balls - 60-102005-94
12 Lbs * 4
13 Lbs * 2
14 Lbs * 4
15 Lbs * 4

Colors : Banana / Violet - table top for the house ball rack : dark

Both of these centers are planned for opening at the end of November. Therefore, we kindly ask you to confirm delivery in Switzerland for the end of October early November.

Upon your confirmation we will issue 2 drafts - one for each center - as payment guarantee.
Payment will be made in full 20 days after receipt of goods.

Thanks to confirm the availability and the best price.

Best regards,

Virginie

**Peter Moloney**              To: v.male@bowlingswiss.ch

25.09.2002 11:15              Subject: Re: New orders confirmation

Thanks Virginie. We have just employed Martina Jakobi as our Sales Administration Manager at Eschborn. I worked with Martina at AMF and she will be a great addition to our team. You may have met her at that January meeting in Richmond when it snowed. May I suggest coordinating the LOS and payment details through her. Her telephone number is 49 6196 4727 13.

Best regards

Peter

mailto:peter.moloney@brunbowl.com
v.male@bowlingswiss.ch



**v.male@bowlingswiss.**      To: Peter_Moloney@brunbowl.com
**ch**                        cc:
09/24/02 02:20 PM            Subject: New orders confirmation

Dear Peter,

As per your last email, we have the pleasure to confirm the 2 following orders :

1) <u>Château d'Oex - 12 lanes with scoring</u>

- 12 complete package Brunswick Classic with twin bench seating
<u>Options</u>
- Automatic bumpers
- Mask upper ref. 035 freezframe and 036 dreamscape
- 12 free standing seating
- 7 Frameworx circular house ball rack 3 rung
- 1 lane conditionner Phoenix machine C 220 v - # 61-860331-220
- House ball European drilled
Urethane house balls - 60-102804-34
6 Lbs * 7
7 Lbs * 6
8 Lbs * 7
9 Lbs * 6
10 Lbs * 7

Plastic House balls - 60-102005-94
11 Lbs * 6
12 Lbs * 7
13 Lbs * 7
14 Lbs * 8
15 Lbs * 7
16 Lbs * 4

Colors : Strawberry/Yellow - table top for the house ball rack : dark
The configuration of this center is 4+4+4.

**The price for this order is US$ 241'937 + supplies US$ 27'153**

2) <u>Montana - 4 lanes</u>

- 4 complete package Brunswick Classic with twin bench seating
<u>Options</u>
- Automatic bumpers
- Mask upper ref. 035 freezframe and 036 dreamscape
- 10 free standing seating
- 2 Frameworx cocktail table
- 2 Frameworx circular house ball rack 3 rung

- House ball European drilled
Urethane house balls - 60-102804-34
6 Lbs * 4
8 Lbs * 4
10 Lbs * 4

Plastic House balls - 60-102005-94
12 Lbs * 4
13 Lbs * 2
14 Lbs * 4
15 Lbs * 4

Colors : Banana / Violet - table top for the house ball rack : dark

**The price for this order is US$ 104'278 + balls US$772**

**Could you please confirm if the payment could be done by predated draft.**

Best regards,

Virginie



**v.male@bowlingswiss.ch**    To: martina.jakobi@brunbowl.com
Subject: Fw: New orders confirmation

01.10.2002 17:16

Martina,

It will be great that the equipment will be shipped 3rd week of October from the US. Keep me informed if it's possible or not.
Best regards,

Virginie
----- Original Message -----
**From:** Virginie MALE
**To:** Peter_Moloney@brunbowl.com
**Sent:** Tuesday, September 24, 2002 3:20 PM
**Subject:** New orders confirmation

Dear Peter,

As per your last email, we have the pleasure to confirm the 2 following orders :

1) **Château d'Oex - 12 lanes with scoring**

- 12 complete package Brunswick Classic with twin bench seating
Options
- Automatic bumpers
- Mask upper ref. 035 freezframe and 036 dreamscape ✓
- 12 free standing seating ✓
- 7 Frameworx circular house ball rack 3 rung ✓
- 1 lane conditionner Phoenix machine C 220 v - # 61-860331-220
- House ball European drilled
Urethane house balls - 60-102804-34
6 Lbs * 7
7 Lbs * 6
8 Lbs * 7        } 33
9 Lbs * 6
10 Lbs * 7

Plastic House balls - 60-102005-94
11 Lbs * 6
12 Lbs * 7
13 Lbs * 7
14 Lbs * 8        } 39
15 Lbs * 7
16 Lbs * 4
                ✓
Colors : Strawberry/Yellow - table top for the house ball rack : dark
The configuration of this center is 4+4+4.

The price for this order is US$ 241'937 + supplies US$ 27'153

*2 Lane Breaks width 2*

2) **Montana - 4 lanes**

- 4 complete package Brunswick Classic with twin bench seating

<u>Options</u>
- Automatic bumpers
- Mask upper ref. 035 freezframe and 036 dreamscape
- 10 free standing seating
- 2 Frameworx cocktail table
- 2 Frameworx circular house ball rack 3 rung

- House ball European drilled
Urethane house balls - 60-102804-34
6 Lbs * 4
8 Lbs * 4
10 Lbs * 4

Plastic House balls - 60-102005-94
12 Lbs * 4
13 Lbs * 2
14 Lbs * 4
15 Lbs * 4

Colors : Banana / Violet - table top for the house ball rack : dark

**The price for this order is US$ 104'278 + balls US$772**

**Could you please confirm if the payment could be done by predated draft.**

Best regards,

Virginie



**v.male@bowlingswiss. ch**

04.10.2002 13:00

To: Martina.Jakobi@brunbowl.com
cc:
Subject: Re: Montana & Château d'Oex

We don't need the laser printer for Montana.

The floor of Château d'Oex is in concrete.

Regards,

Virginie
----- Original Message -----
From: <Martina.Jakobi@brunbowl.com>
To: <v.male@bowlingswiss.ch>
Sent: Friday, October 04, 2002 12:20 PM
Subject: Re: Montana & Château d'Oex


>
> Hello Virginie,
>
> we'll expecting an answer on shipping confirmation later today direct
from
> Muskegon.
>
> On your information I have an additional question. Does Chateaux d'Oex
have
> wood floor?
> And the laser printer information you got from Peter should also be in
> respect of both centers.
>
> Kind regards,
>
> Martina
>
>
>
>
>
>                         v.male@bowlingswi
>                         ss.ch                   To:
martina.jakobi@brunbowl.com
>                                                 cc:
Peter_Moloney@brunbowl.com
>                         04.10.2002 09:53        Subject:  Montana &
Château
d'Oex
>
>
>
>
>
>
> Dear Martina,
>
> As per my last conversation with Peter, please find thereunder the
missing
> details :
>
> Château d'Oex :
> The colomns measure 20 cm
>

**Axel Jäger**

08.10.2002 09:52

To: v.male@bowlingswiss.ch
Subject: ECO-87-02126 and ECO-87-02127

Dear Virginie,

please advise whether you want us to use any specific forwarder for the shipments to Montana respectively Chateaux d'Oex. Furthermore, which Port of Discharge do you prefer ? Or do you leave it up to us ?

Best regards,
Axel Jaeger

Virginie,

We are checking this now and will advise asap.

Regards
Bob

v.male@bowlingswiss.ch



| v.male@bowlingswiss.ch<br>10/11/2002 12:16 PM | To: bob.jackson@brunbowl.com<br>cc: brent.perrier@brunbowl.com, Peter_Moloney@brunbowl.com<br>Subject: 26 lanes La Praille |

Dear Bob,

We received the material for our Bowling Center in La Praille, Geneva, and
have started unloading.

Our installers have notified us that the seating configuration does not
correspond to our order dated: 8/21/02 which I had e.mailed to you.

We ordered and also had negotiated with Peter Moloney to have twin bench
seating (5 per pair of lanes).

We received Tables.

The center configuration does not have enough space for tables.

We have to ask you to replace this wrong shipment urgently free of charge
since all our correspondance referes to twin bench seating. Sorry to bother
you like this but we do not have a choice.
The center is opening on November 11.

Thank you for your attention and kind regards

Virginie

  **Axel Jäger**

15.10.2002 08:26

To: v.male@bowlingswiss.ch
Subject: ECO-87-02126 & ECO-87-02127

Dear Virginie,

this is to inform you about the new ETA of the goods ex U.S.A. due to non availability of some of the goods. The new ETA wil be Nov. 16th. 2002

Best regards,
Axel Jaeger

 **Axel Jäger**
19.10.2002 12:53

To: v.male@bowlingswiss.ch
Subject: ECO-87-02126 Chateaux d'oex

Dear Virginie,

attached find the first our of 3 packing lists fro the above mentioned contract.

Best regards,
Axel Jaeger

—— Forwarded by Axel Jäger/DE/BIRG on 19.10.2002 12:36 ——

 **eDoc**
18.10.2002 22:41

To: ESCHBORN-IDP
cc:
Subject: 10/18/02 - Packing List (5 Pages)



(See attached file)

 **Axel Jäger**
19.10.2002 12:51

To: v.male@bowlingswiss.ch
Subject: ECO-87-02126 Chateaux d'Oex

Dear Virginie,

attached find the second packing list.

Best regards,
Axel Jaeger

----- Forwarded by Axel Jäger/DE/BIRG on 19.10.2002 12:39 -----

 **eDoc**
18.10.2002 22:41

To: ESCHBORN-IDP
cc:
Subject: 10/18/02 - Packing List (18 Pages)

(See attached file)



 **Axel Jäger**
19.10.2002 12:56

To: v.male@bowlingswiss.ch
Subject: ECO-87-02126 Chateaux d'Oex

Dear Virginie,

here is the third packing list.

Best regards,
Axel Jaeger

----- Forwarded by Axel Jäger/DE/BIRG on 19.10.2002 12:44 -----

 **eDoc**
18.10.2002 22:41

To: ESCHBORN-IDP
cc:
Subject: 10/18/02 - Packing List (3 Pages)

(See attached file)

 **Martina Jakobi**
25.10.2002 17:07

To: v.male@bowlingswiss.ch
Subject: Montana & Chateaux d'Oeux

Dear Virgine,

In former correspondence we asked for the ship to addresses for these two centers.
You gave us the forwarder information, but for the documents we also need the addresses of the final destination.

Please advise.

Thanks & Best Regards,

Martina





```
>
>
>
>              v.male@bowlingswi
>              ss.ch            To:
Martina.Jakobi@brunbowl.com
>                              cc:
>              28.10.2002 15:23      Subject: Re: Montana &
Chateaux d'Oeux
>
>
>
>
>
>
> Dear Martina,
>
> I'm back from holidays...
> As far as th  adresses are concerned :
>
> Bowling de Montana
> Résidence Albert 1er
> 3962 Montana - Vermala
>
> Bowling du Parc SA
> 1160 Château d'Oex
>
> Giuseppe told me that the seats for Château d'Oex are back order. Could
you
> please tell me when they're supposed to arrive.
> Thanks and best regards,
>
> Virginie
>
> ----- Original Message -----
> From: <Martina.Jakobi@brunbowl.com>
> To: <v.male@bowlingswiss.ch>
> Cc: <Axel.Jaeger@brunbowl.com>
> Sent: Friday, October 25, 2002 4:07 PM
> Subject: Montana & Chateaux d'Oeux
>
>
> > Dear Virgine,
> >
> > in former correspondence we asked for the ship to addresses for these
two
> > centers.
> > You  gave us the forwarder information, but for the documents we  also
need
> > the addresses of the final destination.
> >
> > Please advise.
> >
> > Thanks & Best Regards,
> >
> > Martina
> >
> >
>
```




**Martina Jakobi**
15.10.2002 11:23

To:  g.avolio@bowlingswiss.ch
Subject:  Chateaux d'Oex & Montana

Hello Guiseppe,

nice talking to you in the Bowling business again.

Only to confirm our earlier telephone conversation of today we are shipping the goods out of Muskegon end of October.
ETA is November 16th as agreed.

The 7 ea. End Tables won't be available for the main shipment. As explained the back order is arisen because of your request for an immediate shipment. Therefore the extra airfreight costs will be on your charge.

Regarding the seats in the shipment of "La Praille" we'll have to detect what happened and get you the information as soon as possible.

Kind regards,



Martina



**v.male@bowlingswiss.ch**    To: Peter_Moloney@brunbowl.com
Subject: invoice 2002-172

10.01.2003 12:16

Dear Martina and Peter,

Checking the invoices due to Brunswick, we have realized that there is a mistake on the Montana's one.
As a matter of fact, Peter sent me a quotation (23.09.02) of a total amount of US$ 105'050 (104'278 package + 772 for the balls) and I confirm this quotation on the 24.09.02.
The total of the invoice 2002-172 is Euros 117'216 which correponds to US$ 115'059.
Could you please do the neccesary and send us the correct invoice.

Thanks and best regards,

Virginie



# Brunswick B

## Bowling & Billiards International

BRUNSWICK GMBH * Postfach 5128 * D-65726 Eschborn

**TELEFAX to:**    0041-22-994 35 85

From : Axel Jäger

To :    Bowling Switzerland
Attn:   Virginie Male

D-65760 Eschborn
Ginnheimerstr. 6
Telefon: (06196) 4727-31
Telefax: (06196) 4727-42
axel.jaeger@brunbowl.com

**Bankverbindung:**
Dresdner Bank AG, Eschborn (BLZ 500 800 00)
Kto. 6 600 463 00 (USD)
Kto. 6 600 463 01 (EUR)

November 6th. 2002

**ECO-87-02126 and ECO-87-02127**

Dear Virginie,

attached find the requested customs-invoices for the US portion.
Please advise if they are ok or whether they need any amendment.
Do you need the originals or will the fax copies be sufficient ?

Best regards
Brunswick GmbH

Axel Jaeger
Logistics Manager

EXHBIIT
2

Customs Invoice



BRUNSWICK BOWLING 525 WEST LAKETON AVENUE  POST OFFICE BOX 329 MUSKEGON, MI 49443-0329    231-725-3300

**SOLD TO:**
BOWLING SWITZERLAND
303 ROUTE DE ST CERGUE
1260 NYON
SWITZERLAND
CONTACT: VIRGINIE
TEL: 41229943575
RE:      ECO-87-02126/4519

**SHIP TO:**
BOWLING DU PARC SA
1160 CHATEAU D'OEX
SWITZERLAND
CONTACT: TONY FEOLA
TEL:41794460176

November 1, 2002

**Invoice No.**
                277356

### CONSISTING OF THE FOLLOWING MERCHANDISE

| QTY | Unit | Item Number | Description | Unit Price | Extend |
|-----|------|-------------|-------------|------------|--------|
| 7 | EA | 53860975225 | END TABLE E/HOLE | $15.18 | $106 |

**Total Value of Customs Purposes Only**                                    $106.26

Cartons: ___1___ Pieces        Weight ___27___ lbs.

Cube: __1.74__ C.F.        Country of Origin: __USA__

Certified True and Correct
Brunswick Bowling & Billiards, Inc.

*Robin Jordan*

Robin Jordan
Assistant Contract Manager

These commodities, technology or software were exported from the United States in accordance with the Export Administration regulations. Diversion contrary to U.S. law prohibited

Customs Invoice

 **Brunswick**

BRUNSWICK BOWLING 525 WEST LAKETON AVENUE  POST OFFICE BOX 329 MUSKEGON, MI 49443-0329   231-725-3300

**SOLD TO:**
BOWLING SWITZERLAND
303 ROUTE DE ST CERGUE
1260 NYON
SWITZERLAND
CONTACT: VIRGINIE
TEL: 41229943575
RE:     ECO-87-02126/4519

**SHIP TO:**
BOWLING DU PARC SA
1160 CHATEAU D'OEX
SWITZERLAND
CONTACT: TONY FEOLA
TEL:41794460176

November 4, 2002

**Invoice No.**
                277356

### CONSISTING OF THE FOLLOWING MERCHANDISE

| QTY | Unit | Item Number | Description | Unit Price | Extended |
|-----|------|-------------|-------------|-----------|----------|
| 7 | EA | 53860975225 | END TABLE E/HOLE | $15,18 | $106,26 |



**Total Value of Customs Purposes Only**                                    $106,26

**Cartons:** ___1___ Pieces        **Weight:** ___27___ lbs.

**Cube:** __1,74__ C.F.        **Country of Origin:** __USA__

**Certified True and Correct**
**Brunswick Bowling & Billiards, Inc.**

**Robin Jordan**
**Assistant Contract Manager**

These commodities, technology or software were exported from the United States in accordance with the Export Administration regulations. Diversion contrary to U.S. law prohibited

# Brunswick 

*Sale*

## Bowling & Billiards International

Brunswick GmbH*P.O.Box 5128*65726 Eschborn*Germany

Bowling Switzerland Inc.
303 route de Saint Cergue
CH-1260 Nyon

SWITZERLAND

**Rechnung/Invoice**

| Kunden-Nr.<br>Customer-No. | Rechnungs-No.<br>Invoice-No. | Rechnungs-Datum<br>Invoice-Date |
|---|---|---|
| 1000011 | 2002-171 | 28.10.2002 |

Ihre Versandanschrift/Your delivery address

Chateaux d'Oex

Betr.: Ihre Bestellung vom/Ref.:Your order dated
ECO-87-02126

Wir danken für Ihren Auftrag und bestätigen diesen unter Zugrundelegung unserer allgemeinen Lieferbedingungen.
We thank you for your order and confirm it as per our general terms and conditions

| | |
|---|---|
| Liefertermin/Delivery date: | ASAP |
| Preisstellung/Terms of delivery: | ex works Muskegon, USA / Szekesfehervar, Hungary |
| Zahlungsbedingungen/Payment conditions: | 90 days after bill of lading |
| *Ursprungsland der Ware/Country of origin: | Muskegon, USA / Szekesfehervar, Hungary |

| *Artikel-Bezeichnung<br>*Item | Nummer<br>Partnumber | Bestellt<br>Ordered | Geliefert<br>Delivered | ME<br>Unit | Einzelpreis<br>Unit price<br>**EUR** | Betrag<br>Amount<br>**EUR** |
|---|---|---|---|---|---|---|
| We herby charge you for<br>12 each Anvilane Lane pkg including GS-X Pinsetters,<br>Frameworx Masking Units GID, Frameworx Twin Seat<br>Bench Seating, Modular Walls, Classic Scoring, Classic<br>Management System<br>and other supplies as per your order | | | | | | 246.103,00 |
| (Note: Euro 246.103 corresponds to US$ 241.575<br>at the exchange rate 0.9816) | | | | | | |

Certified true and correct:

Stefanie Koller
Accountant

| | Warenwert<br>Subtotal | | Fracht<br>Freight | | Mehrwertsteuerpflichtig<br>Taxable amount | | MwSt/VAT<br>16% | Endbetrag<br>Total amount<br>EUR |
|---|---|---|---|---|---|---|---|---|
| | | 246.103,00 | | 0,00 | | 0,00 | 0,00 | 246.103,00 |

| BRUNSWICK GmbH | Tel.: +49(0) 6196-472748 | Dresdner Bank AG, Frankfurt, Germany | USt Ident.-Nr. |
|---|---|---|---|
| Ginnheimer Straße 6 | Fax +49(0) 6196-472759 | Banking code: 500 800 00 | VAT ID # |
| 65760 Eschborn, Germany | | USD transfers: account no. 6 600 463 00 | DE 813216990 |
| | | EUR transfers: account no. 6 600 463 01 | St.Nr.: 040225/05904 |
| | | SWIFT code: DRES DE FF | |

# Brunswick B

# ORIGINAL

Bowling & Billiards International

Brunswick GmbH*P.O.Box 5128*65725 Eschborn*Germany

Bowling Switzerland Inc.
303 route de Saint Cergue
CH-1260 Nyon

SWITZERLAND

**Customs-Invoice**

| Kunden-Nr. Customer-No. | Rechnungs-Nr. Invoice-No. | Rechnungs-Datum Invoice-Date |
|---|---|---|
| 1000011 | 2002-171A | 06.11.2002/aj |

Ihre Versandanschrift/Your delivery address

Chateaux d'Oex

Betr.: Ihre Bestellung vom/Ref.:Your order dated
ECO-87-02126

Wir danken für Ihren Auftrag und bestätigen diesen unter Zugrundelegung unserer allgemeinen Lieferbedingungen.
We thank you for your order and confirm it as per our general terms and conditions

Liefertermin/Delivery date:
Preisstellung/Terms of delivery:        **EXW Muskegon/U.S.A.**
Zahlungsbedingungen/Payment conditions:  **90 days after bill of lading**
*Ursprungsland der Ware/Country of origin:  **United States of America**

| *Artikel-Bezeichnung *Item | Nummer Partnumber | Bestellt Ordered | Geliefert Delivered | ME Unit | Einzelpreis Unit price EUR | Betrag Amount EUR |
|---|---|---|---|---|---|---|
| CUSTOMS TARIFF:  9504 9090 00 0 BOWLING EQUIPMENT | | | | | | |
| consisting of: | | | | | | |
| 12 each Anvilane Lane Pkgs. Complete, including Masking Units, Bowler Seating, Automatic Scoring, and Supplies. Dismantled due to delivery reasons. | | | | | | 138.319,00 |
| Shipped on board Vessel: CANADA SENATOR V.A228 Cont. No. CPSU 4003525, Total: 25 pcs., 20.814 lbs. Cont. No. FMGU 2058370, Total: 12 pcs., 12.438 lbs. Cont. No. CAXU 7093837, Total: 24 pcs., 30.293 lbs. | | | | | | |

Certified true and correct:

**Brunswick GmbH**
Ginnheimer Straße 6
65760 Eschborn
Axel Jäger
Logistics Manager

Stefanie Koller
Accountant

| Warenwert Subtotal | Fracht Freight | Mehrwertsteuerpflichtig Taxable amount | MwSt/VAT 16% | Endbetrag Total amount EUR |
|---|---|---|---|---|
| **138.319,00** | | | | **138.319,00** |

BRUNSWICK GmbH
Ginnheimer Straße 6
65760 Eschborn, Germany

Tel.: +49(0) 6196-472748
Fax: +49(0) 6196-472759

Dresdner Bank AG, Frankfurt, Germany
Banking code: 500 800 00
USD transfers: account no. 6 600 463 00
EUR transfers: account no. 6 600 463 01
SWIFT code: DRES DE FF

USt Ident.-Nr.
VAT ID #
DE 813216990
St.Nr.: 040225/05904

# Brunswick ▣

## Bowling & Billiards International

Brunswick GmbH*P.O.Box 5128*65726 Eschborn*Germany

**Customs-Invoice**

Bowling Switzerland Inc.
303 route de Saint Cergue
CH-1260 Nyon

SWITZERLAND

| Kunden-Nr. Customer-No | Rechnungs-Nr. Invoice-No. | Rechnungs-Datum Invoice-Date |
|---|---|---|
| 1000011 | 2002-171C | 22.11.2002/aj |

Ihre Versandanschrift/Your delivery address

Chateaux d'Oex

Betr.: Ihre Bestellung vom/Ref.:Your order dated
ECO-87-02126

Wir danken für Ihren Auftrag und bestätigen diesen unter Zugrundelegung unserer allgemeinen Lieferbedingungen.
We thank you for your order and confirm it as per our general terms and conditions

Liefertermin/Delivery date:
Preisstellung/Terms of delivery:
Zahlungsbedingungen/Payment conditions:
*Ursprungsland der Ware/Country of origin:

EXW Székesfehervár/Hungary
January 25th. 2003
Hungary



| *Artikel-Bezeichnung *Item | Nummer Partnumber | Bestellt Ordered | Geliefert Delivered | ME Unit | Einzelpreis Unit price EUR | Betrag Amount EUR |
|---|---|---|---|---|---|---|
| CUSTOMS TARIFF: 9504 9090 00 0 BOWLING EQUIPMENT | | | | | | |
| consisting of: | | | | | | |
| Ball Accelerators, Guards, and Ball Racks for GS-X Pinsetters complete. Dismantled due to delivery reasons. | | | | | | 16.594,00 |
| Packing: 11 Pallets and 4 Boxes Gross weight: 1.897,00 kg. Net weight: 1.689,00 kg. Marks: 125 - 147 | | | | | | |

Certified true and correct:



**Brunswick GmbH**
Ginnheimer Straße 6
65760 Eschborn

Axel Jäger
Logistics Manager

| Warenwert Subtotal | Fracht Freight | Mehrwertsteuerpflichtig Taxable amount | MwSt/VAT 16% | Endbetrag Total amount EUR |
|---|---|---|---|---|
| **16.594,00** | | | | **16.594,00** |

BRUNSWICK GmbH
Ginnheimer Straße 6
65760 Eschborn, Germany

Tel.: +49(0) 6196-472748
Fax: +49(0) 6196-472759

Dresdner Bank AG, Frankfurt, Germany
Banking code: 500 800 00
USD transfers: account no. 6 600 463 00
EUR transfers: account no. 6 600 463 01
SWIFT code: DRES DE FF

USt Ident.-Nr.
VAT ID #
DE 813216990
St.Nr.: 040225/05904

# Brunswick

Bowling & Billiards International

Brunswick GmbH*P.O.Box 5126*65726 Eschborn*Germany

Bowling Switzerland Inc.
303 route de Saint Cergue
CH-1260 Nyon

SWITZERLAND

Ihre Versandanschrift/Your delivery address

Chateaux d'Oex

## Customs-Invoice

| Kunden-Nr. | Rechnung-Nr. | Rechnungs-Datum |
|---|---|---|
| Customer-No. | Invoice-No. | Invoice-Date |
| 1000011 | 2002-171B | 22.11.2002/aj |

Betr.: Ihre Bestellung vom/Ref.:Your order dated
ECO-87-02126

Wir danken für Ihren Auftrag und bestätigen diesen unter Zugrundelegung unserer allgemeinen Lieferbedingungen.
We thank you for your order and confirm it as per our general terms and conditions

Liefertermin/Delivery date:
Preisstellung/Terms of delivery:          EXW Székesféhervár/Hungary
Zahlungsbedingungen/Payment conditions:   January 25th. 2003
*Ursprungsland der Ware/Country of origin:  Hungary

| *Artikel-Bezeichnung<br>*Item | Nummer<br>Partnumber | Bestellt<br>Ordered | Geliefert<br>Delivered | ME<br>Unit | Einzelpreis<br>Unit price<br>**EUR** | Betrag<br>Amount<br>**EUR** |
|---|---|---|---|---|---|---|
| CUSTOMS TARIFF: 9504 9090 00 0 | | | | | | |
| BOWLING EQUIPMENT | | | | | | |
| consisting of: | | | | | | |
| 12 each Central Units for GS-X Pinsetters complete,<br>including Ball Lifts.<br>Dismantled due to delivery reasons. | | | | | | 91.190,00 |
| Packing: 24 Pallets<br>Gross weight: 10.410,00 kg.<br>Net weight:   9.180,00 kg.<br>Marks:  101 - 124 | | | | | | |

Certified true and correct:

## Brunswick GmbH
Ginnheimer Straße 6
65760 Eschborn

Axel Jäger
Logistics Manager

| Warenwert<br>Subtotal<br><br>**91.190,00** | Fracht<br>Freight | Mehrwertsteuerpflichtig<br>Taxable amount | MwSt/VAT<br>16% | Endbetrag<br>Total amount<br>**EUR**<br>**91.190,00** |
|---|---|---|---|---|

BRUNSWICK GmbH
Ginnheimer Straße 6
65760 Eschborn, Germany

Tel.: +49(0) 6196-472748
Fax: +49(0) 6196-472759

Dresdner Bank AG, Frankfurt, Germany
Banking code: 500 800 00
USD transfers: account no. 6 600 463 00
EUR transfers: account no. 6 600 463 01
SWIFT code: DRES DE FF

USt Ident.-Nr.
VAT ID #
DE 813216990
St.Nr.: 040225/05904



# Brunswick B

## Bowling & Billiards International

Brunswick GmbH*P.O.Box 5128*65726 Eschborn*Germany

Bowling Switzerland Inc.
Route de Saint Cergue, 303
1260 NYON

SUISSE

**Customs-Invoice**

| Kunden-Nr.<br>Customer-No. | Rechnungs-Nr.<br>Invoice-No. | Rechnungs-Datum<br>Invoice-Date |
|---|---|---|
| 1000011 | 2002-171M | 02.12.2002/aj |

Ihre Versandanschrift/Your delivery address

Bowling de Chateaux d'Oex
1660  Château de'Oex
SUISSE

Betr.: Ihre Bestellung vom/Ref.:Your order dated
ECO-87-02126

Wir danken für Ihren Auftrag und bestätigen diesen unter Zugrundelegung unserer allgemeinen Lieferbedingungen.
We thank you for your order and confirm it as per our general terms and conditions

Liefertermin/Delivery date:
Preisstellung/Terms of delivery:
Zahlungsbedingungen/Payment conditions:
*Ursprungsland der Ware/Country of origin:

EXW Székesfehérvár/Hungary
January 25th. 2003
Austria

| *Artikel-Bezeichnung<br>*Item | Nummer<br>Partnumber | Bestellt<br>Ordered | Geliefert<br>Delivered | ME<br>Unit | Einzelpreis<br>Unit price<br>**EUR** | Betrag<br>Amount<br>**EUR** |
|---|---|---|---|---|---|---|
| CUSTOMS TARIFF: 8528 1256 00 | | | | | | |
| consisting of: | | | | | | |
| Monitors DOLBY Tessa Black | 57-863 447-000 | 12 | 12 | ea | 298,00 | 3.576,00 |

Packing:　　　12 Kartons
Gross weight:　420,00 kg.
Net weight:　　396,00 kg.
Dimensions:　　86 x 60 x 70 cm. each

Certified true and correct:

**Brunswick GmbH**
Ginnheimer Straße 6
65760 Eschborn

Axel Jäger
Logistics Manager

| Warenwert<br>Subtotal | Fracht<br>Freight | Mehrwertsteuerpflichtig<br>Taxable amount | MwSt/VAT<br>16% | Endbetrag<br>Total amount<br>**EUR** |
|---|---|---|---|---|
| 3.576,00 | | | | 3.576,00 |

BRUNSWICK GmbH
Ginnheimer Straße 6
65760 Eschborn, Germany

Tel.: +49(0) 6196-472748
Fax: +49(0) 6196-472759

Dresdner Bank AG, Frankfurt, Germany
Banking code: 500 800 00
USD transfers: account no. 6 600 463 00
EUR transfers: account no. 6 600 463 01
SWIFT code: DRES DE FF

USt Ident.-Nr.
VAT ID #
DE 813216990
St.Nr.: 040225/05904

# Brunswick

Bowling & Billiards International

Brunswick GmbH·P.O.Box 5128·65726 Eschborn·Germany

**Invoice**

**only for customs purposes**

Bowling Switzerland Inc.
303 route de Saint Cergue
CH-1260 Nyon

SWITZERLAND

| Kunden-Nr. | Rechnung-Nr. | Rechnungs-Datum |
| Customer-No. | Invoice-No. | Invoice-Date |
| 1000011 | 1/8-09-25d | 25.09.2002 |

Ihre Versandanschrift/Your delivery address

Bowling de la Praille
Centre Commercial et Loisirs
10 Poute des jeunes
1227 Carouge Geneve
Switzerland

Betr.: Ihre Bestellung vom/Ref.:Your order dated

ECO-87-02106

We danken für Ihren Auftrag und bestätigen diesen unter Zugrundelegung unserer allgemeinen Lieferbedingungen.
We thank you for your order and confirm it as per our general terms and conditions

Liefertermin/Delivery data:

Preisstellung/Terms of delivery:

Zahlungsbedingungen/Payment conditions:

*Ursprungsland der Ware/Country of origin:

ASAP
ex works Szekesfehervar, Hungary
90 days net ( Securitas leasing agreement)
Szekesfehervar, Hungary

| *Artikel-Bezeichnung *Item | Nummer Partnumber | Colli pcs | Gewicht Weight/lbs | ME Unit | Einzelpreis Unit price Euro | Betrag Amount Euro |
|---|---|---|---|---|---|---|
| We herby charge you for | | | | | | |
| Spare Parts K. Large TD | | | | | | 40.059,00 |

Certified true and correct:

Stefanie Koller
Accountant

| Warenwert Subtotal | Fracht Freight | Mehrwertsteuerpflichtig Taxable amount | MwSt/VAT 16% | Endbetrag Total amount Euro |
|---|---|---|---|---|
| 40.059,00 | 0,00 | 0,00 | 0,00 | 40.059,00 |

BRUNSWICK GmbH
Ginnheimer Straße 6
65760 Eschborn, Germany

Tel.: +49(0) 6196-472748
Fax: +49(0) 6196-472759

Dresdner Bank AG, Frankfurt, Germany
Banking code: 500 800 00
USD transfers: account no. 6 600 463 00
EUR transfers: account no. 6 600 463 01
SWIFT code: DRES DE FF

USt Ident.-Nr.
VAT ID #
DE 813216990
St.Nr.040-225/05904

# Brunswick▣

## Bowling & Billiards International

Brunswick GmbH\*P.O.Box 512\*65728 Eschborn\*Germany

Bowling Switzerland Inc.
303 route de Saint Cergue
CH-1260 Nyon

SWITZERLAND

Betr.: Ihre Bestellung vom/Ref.:Your order dated

ECO-87-02106

**Invoice**

**only for customs purposes**

| Kunden-Nr. Customer-No. | Rechnungs-Nr. Invoice-No. | Rechnungs-Datum Invoice-Date |
|---|---|---|
| 1000011 | 1/8-09-25c | 25.09.2002 |

Ihre Versandanschrift/Your delivery address

Bowling de la Praille
Centre Commercial et Loisirs
10 Poute des jeunes
1227 Carouge Geneve
Switzerland

We danken für Ihren Auftrag und bestätigen diesen unter Zugrundelegung unserer allgemeinen Lieferbedingungen.
We thank you for your order and confirm it as per our general terms and conditions

Liefertermin/Delivery date:
Preisstellung/Terms of delivery:
Zahlungsbedingungen/Payment conditions:
*Ursprungsland der Ware/Country of origin:

ASAP
ex works Szekesfehervar, Hungary
90 days net ( Securitas leasing agreement)
Szekesfehervar, Hungary



| *Artikel-Bezeichnung *Item | Nummer Partnumber | Colli pcs | Gewicht Weight/lbs | ME Unit | Einzelpreis Unit price **Euro** | Betrag Amount **Euro** |
|---|---|---|---|---|---|---|
| We herby charge you for | | | | | | |
| 12 Central Units 380 NEX, 5 Six-Packs NEX | | | | | | 76.522,00 |
| Certified true and correct: | | | | | | |

Stefanie Koller
Accountant

| | Warenwert Subtotal | | Fracht Freight | | Mehrwertsteuerpflichtig Taxable amount | | MwSt/VAT 16% | Endbetrag Total amount **Euro** |
|---|---|---|---|---|---|---|---|---|
| | | 76.522,00 | | 0,00 | | 0,00 | 0,00 | 76.522,00 |

BRUNSWICK GmbH
Ginnheimer Straße 6
65760 Eschborn, Germany

Tel.: +49(0) 6196-472748
Fax: +49(0) 6196-472759

Dresdner Bank AG, Frankfurt, Germany
Banking code: 500 800 00
USD transfers: account no. 6 600 463 00
EUR transfers: account no. 6 600 463 01
SWIFT code: DRES DE FF

USt Ident.-Nr.
VAT ID #
DE 813216990
St.Nr.040-225/05904

# Brunswick B

## Bowling & Billiards International

Brunswick GmbH*P.O.Box 5128*65728 Eschborn*Germany

**Invoice**

**only for customs purposes**

Bowling Switzerland Inc.
303 route de Saint Cergue
CH-1260 Nyon

SWITZERLAND

| Kunden-Nr. Customer-No. | Rechnung-Nr. Invoice-No. | Rechnungs-Datum Invoice-Date |
|---|---|---|
| 1000011 | 1/8-09-25b | 25.09.2002 |

Ihre Versandanschrift/Your delivery address

Bowling de la Praille
Centre Commercial et Loisirs
10 Poute des jeunes
1227 Carouge Geneve
Switzerland

Betr.: Ihre Bestellung vom/Ref.:Your order dated

ECO-87-02106

Wir danken für Ihren Auftrag und bestätigen diesen unter Zugrundelegung unserer allgemeinen Lieferbedingungen.
We thank you for your order and confirm it as per our general terms and conditions

Liefertermin/Delivery date:

Preisstellung/Terms of delivery:    ex works Szekesfehervar, Hungary

ASAP

Zahlungsbedingungen/Payment conditions:    90 days net ( Securitas leasing agreement)
Szekesfehervar, Hungary

*Ursprungsland der Ware/Country of origin:



| *Artikel-Bezeichnung *Item | Nummer Partnumber | Colli pcs | Gewicht Weight/lbs | ME Unit | Einzelpreis Unit price **Euro** | Betrag Amount **Euro** |
|---|---|---|---|---|---|---|
| We herby charge you for | | | | | | |
| 12 Central Units 380 NEX, 8 six-Packs NEX | | | | | | 88.229,00 |
| Certified true and correct: | | | | | | |
| Stefanie Koller Accountant | | | | | | |

| Warenwert Subtotal | Fracht Freight | Mehrwertsteuerpflichtig Taxable amount | | MwSt/VAT 16% | Endbetrag Total amount Euro |
|---|---|---|---|---|---|
| 88.229,00 | 0,00 | 0,00 | | 0,00 | 88.229,00 |

BRUNSWICK GmbH
Ginnheimer Straße 6
65760 Eschborn, Germany

Tel.: +49(0) 6196-472748
Fax: +49(0) 6196-472759

Dresdner Bank AG, Frankfurt, Germany
Banking code: 500 800 00
USD transfers: account no. 6 600 463 00
EUR transfers: account no. 6 600 463 01
SWIFT code: DRES DE FF

USt Ident.-Nr.
VAT ID #
DE 813216990
St.Nr.040-225/05904

# Brunswick B

Bowling & Billiards International

Brunswick GmbH*P.O.Box 5128*65726 Eschborn*Germany

**Invoice**

**only for customs purposes**

Bowling Switzerland Inc.
303 route de Saint Cergue
CH-1260 Nyon

SWITZERLAND

| Kunden-Nr. Customer-No. | Rechnungs-Nr. Invoice-No. | Rechnungs-Datum Invoice-Date |
|---|---|---|
| 1000011 | 1/8-09-25A | 25.09.2002 |

Ihre Versandanschrift/Your delivery address

Bowling de la Praille
Centre Commercial et Loisirs
10 Route des jeunes
1227 Carouge Geneve
Switzerland

Betr.: Ihre Bestellung vom/Ref.:Your order dated

ECO-87-02106

We danken für Ihren Auftrag und bestätigen diesen unter Zugrundelegung unserer allgemeinen Lieferbedingungen.
We thank you for your order and confirm it as per our general terms and conditions

Liefertermin/Delivery date:

Preisstellung/Terms of delivery:

Zahlungsbedingungen/Payment conditions:

ASAP
ex works Muskegon, USA
90 days net ( Securitas leasing agreement)
Muskegon, USA

| *Ursprungsland der Ware/Country of origin: *Artikel-Bezeichnung *Item | Nummer Partnumber | Colli pcs | Gewicht Weight/lbs | ME Unit | Einzelpreis Unit price Euro | Betrag Amount Euro |
|---|---|---|---|---|---|---|
| We herby charge you for 26 Classic packages (without Scorers) consisting of Anvilane Inside and Outside Lanes GID, FRX Masking Units, Portfolio Graphite 2-sided, Tabletop Bowler Seating, and other supplies as per your order | | | | | | 290.310,00 |

Certified true and correct:

Stefanie Koller
Accountant

| | Warenwert Subtotal | | Fracht Freight | | Mehrwertsteuerpflichtig Taxable amount | | MwSt/VAT 16% | Endbetrag Total amount Euro |
|---|---|---|---|---|---|---|---|---|
| | | 0,00 | | 290.310,00 | | 0,00 | 0,00 | 290.310,00 |

| BRUNSWICK GmbH Ginnheimer Straße 6 65760 Eschborn, Germany | Tel.: +49(0) 6196-472748 Fax: +49(0) 6196-472759 | Dresdner Bank AG, Frankfurt, Germany Banking code: 500 800 00 USD transfers: account no. 6 600 463 00 EUR transfers: account no. 6 600 463 01 SWIFT code: DRES DE FF | USt Ident.-Nr. VAT ID # DE 813216990 St.Nr.040-225/05904 |

# Brunswick ®
## Indoor Recreation Group

1X

Brunswick GmbH*Postfach6128*D-65726 Eschborn/Ts.

Bowling Switzerland Inc.
303 route de Saint Cergue
CH-1260 Nyon
Switzerland

**PROFORMA**
**INVOICE/RECHNUNG**

| Kunden-Nr. | Rechnungs-Nr. | Rechnungs-Datum |
|---|---|---|
| Customer-No. | Invoice-No. | Invoice-Date |
|  | 1/8-8-30 | 30.08.2002 |

Ihre Versandanschrift/Your delivery address

Bowling de la Praille
Centre Commercial et Loisirs
10 Poute des jeunes
1227 Carouge Geneve
Switzerland

Betr.: Ihre Bestellung vom/Ref.:Your order dated
E-mail 28.08.02

We danken für Ihren Auftrag und bestätigen diesen unter Zugrundelegung unserer allgemeinen Liefer/bedingungen.
We thank you for your order and confirm it as per our general terms and conditions

| | |
|---|---|
| Liefertermin/Delivery date: | asap |
| Preisstellung/Terms of delivery: | ex works Muskegon, USA |
| Zahlungsbedingungen/Payment conditions: | Securitas leasing agreement |
| *Ursprungsland der Ware/Country of origin: | USA/Hungary |

| *Artikel-Bezeichnung / Item | Nummer / Partnumber | Bestellt / Ordered | Geliefert / Delivered | ME / Unit | Betrag / Amount | Betrag / Amount Euro |
|---|---|---|---|---|---|---|
| 26 Classic packages (without Scorers) consisting of Anvilane Inside and Outside Lanes GID, of GS-X Pinsetters, FRX Masking Units, Portfolio Graphits 2-sided, Tabletop Bowler Seating, and other supplies as per your order | | | | | | 495. 120 |
| (Note: Euro 495.120 corresponds to US$ 487.545 at the exchange rate 0.9847) | | | | | | |
| Certified true and correct: Bärbel Csellner | | | | | | |

| Warenwert / Subtotal | Fracht / Freight | Mehrwertsteuerpflichtig / Taxable amount | MwSt/VAT | Endbetrag / Total amount |
|---|---|---|---|---|
| | | | | € 495.120 |

| | | | |
|---|---|---|---|
| BRUNSWICK GmbH | Tel.: +49(0) 6196-472713 | Bank: | Ust Ident.-Nr. |
| Ginnheimer Straße 6 | Fax: +49(0) 6196-472742 | Dresdner Bank , Eschborn | VATNo. |
| D-65760 Eschborn/Taunus | | Kto. 660046301€    660046300$ | DE 813 216 990 |
| | | BLZ 500 80000 | St.Nr.040225-05904 |

# Brunswick B

*Sales*

## Bowling & Billiards International

Brunswick GmbH*P O.Box 5126*65726 Eschborn*Germany

Bowling Switzerland Inc.
303 route de Saint Cergue
CH-1260 Nyon

SWITZERLAND

   K O P I E

### Rechnung/Invoice

| Kunden-Nr. Customer-No. | Rechnungs-Nr. Invoice-No. | Rechnungs-Datum Invoice-Date |
|---|---|---|
| 1000011 | 2002-132 | 16.09.2002 |

Ihre Versandanschrift/Your delivery address

Bowling de la Praille
Centre Commercial et Loisirs
10 Poute des jeunes
1227 Carouge Geneve
Switzerland

Betr.: Ihre Bestellung vom/Ref.:Your order dated
ECO-87-02106

Wir danken für Ihren Auftrag und bestätigen diesen unter Zugrundelegung unserer allgemeinen Lieferbedingungen.
We thank you for your order and confirm it as per our general terms and conditions

Liefertermin/Delivery date: — ASAP

Preisstellung/Terms of delivery: — ex works Muskegon, USA / Szekesfehervar, Hungary

Zahlungsbedingungen/Payment conditions: — 90 days net ( Securitas leasing agreement)

*Ursprungsland der Ware/Country of origin: — Muskegon, USA / Szekesfehervar, Hungary



| *Artikel-Bezeichnung *Item | Nummer Partnumber | Bestellt Ordered | Geliefert Delivered | ME Unit | Einzelpreis Unit price EUR | Betrag Amount EUR |
|---|---|---|---|---|---|---|
| We herby charge you for | | | | | | |
| 26 Classic packages (without Scorers) consisting of | | | | | | |
| Anvilane Inside and Outside Lanes GID, | | | | | | |
| of GS-X Pinsetters, FRX Masking Units, | | | | | | |
| Portfolio Graphits 2-sided, Tabletop Bowler Seating, | | | | | | |
| and other supplies as per your order | | | | | | 495.120,00 |
| (Note: Euro 495.120 corresponds to US$ 487.545 | | | | | | |
| at the exchange rate 0.9847) | | | | | | |

Certified true and correct:

Karin Umber
Accountant

| Warenwert Subtotal | Fracht Freight | Mehrwertsteuerpflichtig Taxable amount | MwSt/VAT 16% | Endbetrag Total amount EUR |
|---|---|---|---|---|
| 495.120,00 | 0,00 | 0,00 | 0,00 | 495.120,00 |

BRUNSWICK GmbH
Ginnheimer Straße 6
65760 Eschborn, Germany

Tel.: +49(0) 6196-472748
Fax: +49(0) 6196-472759

Dresdner Bank AG, Frankfurt, Germany
Banking code: 500 800 00
USD transfers: account no. 6 600 463 00
EUR transfers: account no. 6 600 463 01
SWIFT code: DRES DE FF

USt Ident.-Nr.
VAT ID #
DE 813216990

St-Nr. 040225/05904

# **Brunswick B**

## ORIGINAL

Bowling & Billiards International

---

Brunswick GmbH*Postfach5128*D-65726 Eschborn/Ts.

Bowling Switzerland Inc.
Route de Saint Cergue, 303

1260  Nyon
Suisse

Betr.: Ihre Bestellung vom/Ref.:Your order dated
ECO-87-02126

### Customs-Invoice

| Kunden-Nr. Customer-No. | Rechnungs-Nr. Invoice-No. | Rechnungs-Datum Invoice-Date |
|---|---|---|
| 1000011 | 1/8-01.23 | 23.01.03/aj |

Ihre Versandanschrift/Your delivery address

Bowling du Parc SA
CP 54
1660  Château d'Oex
Suisse

Wir danken für Ihren Auftrag und bestätigen diesen unter Zugrundelegung unserer allgemeinen Lieferbedingungen.
We thank you for your order and confirm it as per our general terms and conditions.

Liefertermin/Delivery date:

Preisstellung/Terms of delivery:                    DDP Château d'Oex

Zahlungsbedingungen/Payment conditions:       Backorder shipment at no charges

*Ursprungsland der Ware/Country of origin:      United States of America

| *Artikel-Bezeichnung Item · | Nummer Partnumber | Bestellt Ordered | Geliefert Delivered | ME Unit | Einzelpreis Unit price USD | Betrag Amount USD |
|---|---|---|---|---|---|---|
| CUSTOMS TARIFF:  9401 70 | | | | | | |
| Other seat furniture with rack made of metal. | | | | | | |
| | | | | | | |
| Twin Bench Seating | S5-200 054-225 | 12 | 12 | each | 161,24 | 1.934,88 |
| | | | | | | |
| | | | | | | |
| Packing        : 3 Pallets | | | | | | |
| Gross weight  : 180,0 kg. | | | | | | |
| Net weight     : 135,0 kg. | | | | | | |

Certified true and correct:

**Brunswick GmbH**
Ginnheimer Straße 6
65760 Eschborn

Axel Jaeger
Logistics Manager

| Warenwert Subtotal | Fracht Freight | Mehrwertsteuerpflichtig Taxable amount | MwSt/VAT 16% | Endbetrag Total amount |
|---|---|---|---|---|
| **1.934,88** | | | | **1.934,88** |

| | | | |
|---|---|---|---|
| BRUNSWICK GmbH | Tel.: +49(0) 6196-472748 | Dresdner Bank AG, Frankfurt, Germany | Ust Ident.-Nr. |
| Ginnheimer Straße 6 | Fax: +49(0) 6196-472759 | Banking code: 500 800 00 | VAT ID #. |
| D-65760 Eschborn/Taunus | | USD transfers: account 6 600 463 00 | DE 813216990 |
| | | EUR Transfers: account 6 600 463 01 | St.-Nr.: |
| | | SWIFT code: DRES DE FF | 040226-05904 |

# Brunswick ⬧B

## ORIGINAL

### Bowling & Billiards International



Brunswick GmbH*P.O.Box 5128*65726 Eschborn*Germany

Bowling Switzerland Inc.
303 route de Saint Cergue
CH-1260 Nyon

SWITZERLAND

Betr.: Ihre Bestellung vom/Ref.:Your order dated
ECO-87-02126

| Customs-Invoice | | |
|---|---|---|
| Kunden-Nr. Customer-No. | Rechnungs-Nr. Invoice-No. | Rechnungs-Datum Invoice-Date |
| 1000011 | 2002-171C | 20.03.03/aj |

Ihre Versandanschrift/Your delivery address

Chateaux d'Oex
and Montana

Wir danken für Ihren Auftrag und bestätigen diesen unter Zugrundelegung unserer allgemeinen Lieferbedingungen.
We thank you for your order and confirm it as per our general terms and conditions

Liefertermin/Delivery data:
Preisstellung/Terms of delivery:
Zahlungsbedingungen/Payment conditions:
*Ursprungsland der Ware/Country of origin:

EXW Muskegon/U.S.A.
At no charges / Warranty replacement
United States of America

| *Artikel-Bezeichnung *Item | Nummer Partnumber | Bestellt Ordered | Geliefert Delivered | ME Unit | Einzelpreis Unit price USD | Betrag Amount USD |
|---|---|---|---|---|---|---|
| CUSTOMS TARIFF: 9504 9090 00 0 BOWLING EQUIPMENT | | | | | | |
| consisting of: | | | | | | |
| Lane Panels for 16 each Bowling Lanes. Dismantled due to delivery reasons. | | | | | | 28.551,24 |
| Shipped on board Vessel: MADISON MAERSK V11 Express Bill of Lading No.: 6190006327 Total: 3 skids, 1.725,00 kg. | | | | | | |

Certified true and correct:

**Brunswick GmbH**
Ginnheimer Straße 6
65760 Eschborn



Axel Jäger
Logistics Manager

| Warenwert Subtotal | Fracht Freight | Mehrwertsteuerpflichtig Taxable amount | MwSt/VAT 16% | Endbetrag Total amount |
|---|---|---|---|---|
| 28.551,24 | | | | 28.551,24 |

BRUNSWICK GmbH
Ginnheimer Straße 6
65760 Eschborn, Germany

Tel.: +49(0) 8196-472748
Fax: +49(0) 6196-472759

Dresdner Bank AG, Frankfurt, Germany
Banking code: 500 800 00
USD transfers: account no. 6 600 463 00
EUR transfers: account no. 6 600 463 01
SWIFT code: DRES DE FF

USt Ident.-Nr.
VAT ID #
DE 813216990
St.Nr.: 040225/05904

# Brunswick B

## ORIGINAL
Bowling & Billiards International

Brunswick GmbH*Postfach5128*D-65726 Eschborn/Ts.

Strike Inc. S.A.
Athinion Avenue 336
Chaidari, 12462
Athens/Greece

## Customs-Invoice

| Kunden-Nr. | Rechnungs-Nr. | Rechnungs-Datum |
|---|---|---|
| Customer-No. | Invoice-No. | Invoice-Date |
| 1000125 | 1/8-07.14 | 14.07.03/aj |

Ihre Versandanschrift/Your delivery address

Same as address.
Tel.: 030-2-1053 26060

Betr.: Ihre Bestellung vom/Ref.:Your order dated

Wir danken für Ihren Auftrag und bestätigen diesen unter Zugrundelegung unserer allgemeinen Lieferbedingungen.
We thank you for your order and confirm it as per our general terms and conditions.

Liefertermin/Delivery date:

Preisstellung/Terms of delivery:

Zahlungsbedingungen/Payment conditions:

*Ursprungsland der Ware/Country of origin:

EXW Switzerland
At no charges - in exchange against repair work
United States of America

| *Artikel-Bezeichnung Item | Nummer Partnumber | Bestellt Ordered | Geliefert Delivered | ME Unit | Einzelpreis Unit price USD | Betrag Amount USD |
|---|---|---|---|---|---|---|
| CUSTOMS TARIFF. : 9504 9090 00 0 BOWLING EQUIPMENT | | | | | | |
| consisting of: | | | | | | |
| Used Lane Panels for 16 each Bowling Lanes. | | | | | | 7.138,00 |
| Dismantled due to delivery reasons. | | | | | | |
| Total:  8 bundels, 7.033 kg. | | | | | | |

Certified true and correct:

Brunswick GmbH
Ginnheimer Straße 6
65760 Eschborn

Axel Jaeger
Logistics Manager

| Warenwert Subtotal | Fracht Freight | Mehrwertsteuerpflichtig Taxable amount | MwSt/VAT 16% | Endbetrag Total amount |
|---|---|---|---|---|
| 7.138,00 | | | | 7.138,00 |

| BRUNSWICK GmbH Ginnheimer Straße 6 D-65760 Eschborn/Taunus | Tel.: +49(0) 6196-472748 Fax: +49(0) 6196-472759 | Dresdner Bank AG, Frankfurt, Germany Banking code: 500 800 00 USD transfers: account 6 600 463 00 EUR Transfers: account 6 600 463 01 SWIFT code: DRES DE FF | Ust Ident.-Nr. VAT ID #. DE 813216990 St.-Nr.: 040225-05904 |

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRUNSWICK GMBH,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )    Case No. 07-471 (JFF)
                                   )
BOWLING SWITZERLAND, INC.,         )
                                   )
            Defendant.             )

### AFFIDAVIT OF FRANZ SZOLANSKY

I, Franz Szolansky being duly sworn, do hereby depose and say:

1.     I am over the age of eighteen (18) years and understand the obligations of an oath.

2.     I am an attorney with the law firm of Bratschi Emch Rechtsanwälte located in Zurich, Switzerland. I am duly licensed to practice law in Switzerland.

3.     I have been retained by Brunswick GmbH in connection with collecting a certain debt owed to it by Bowling Switzerland, Inc.

4.     In that regard, on or about January 26, 2007, I caused a "Commandement de Payer" to be delivered to Bowling Switzerland. A true and correct copy of this "Commandement de Payer" is attached hereto as Exhibit 1.

5.     A "Commandement de Payer" is analogous to a demand letter. It merely asks the debtor whether or not it contests the debt. A debtor's response to a "Commandement de Payer" is generally helpful to creditors when deciding whether and in which Swiss court the creditor should initiate a judicial proceeding.

6.     A "Commandement de Payer" is neither a legal proceeding nor a summons. It does not begin any judicial proceeding and carries none of the imprimatur of the Swiss courts.

7.     Bowling Switzerland responded to the "Commandement de Payer" denying any

EXHIBIT
B

liability for the debt referenced in the January 26, 2007 "Commandement de Payer".

      8.     Brunswick GmbH now has the option, but is not required, to initiate a judicial proceeding against Bowling Switzerland in the Swiss courts to collect the debt demanded to be paid in this "Commandement de Payer". To date, Brunswick GmbH has initiated no judicial proceeding in Switzerland against Bowling Switzerland.

      FURTHER THE AFFIANT SAYETH NOT.

_____
Franz Szolansky

Subscribed and sworn to
before me this ___ day of
October, 2007.

_____
Notary Public

My Commission Expires:

_____

**Official Certification**

Seen for authentication of the foregoing signature, affixed in our presence by

**Mr. Ferenc SZOLANSKI**, born 6 August 1950, Swiss citizen of Erlenbach/ZH, according to his information residing at Holzwiesstrasse 43, 8703 Erlenbach, Switzerland, identified by identity card,

This legalization refers only to the signature and not to the contents or validity of the document.

Zürich, 12 October 2007
BK no. 44848/ms
Fee CHF 20.--

**NOTARIAT ZÜRICH (ALTSTADT)**

N. Surholt, Notariatssekretärin
mit Beglaubigungsbefugnis

1821289-1

2



APOSTILLE

(Convention de la Haye du 5 octobre 1961)

1. Land: Schweizerische Eidgenossenschaft, Kanton Zürich
   Country: Swiss Confederation, Canton of Zürich
   Diese öffentliche Urkunde / This public document

2. ist unterschrieben von... *Frau*
   has been signed by        *Natasha Surholt*

3. in seiner Eigenschaft als *Notariatssekretärin*
   acting in the capacity of

4. Sie ist versehen mit dem Stempel/Siegel des (der) / bears the stamp/seal of
   *Notariat Zürich (Altstadt)*

   Bestätigt / Certified

5. in / to 8080 Zürich / 8066 Zürich   am / the ......... 11. Okt. 2007

7. durch die Staatskanzlei des Kantons Zürich
   by Chancery of State of the Canton of Zürich

8. unter / under Nr. *216071/2007*

9. Stempel / Siegel / Cachet / Seal    Unterschrift / Signature

   *CHF 30.-*

   S. Giudici

# EXHIBIT C

Westlaw.

Not Reported in A.2d                                                                        Page 1

Not Reported in A.2d, 1987 WL 6452 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

▷
DeEmedio v. Nationwide Ins. Co.
Del.Super.,1987.
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.
           Superior Court of Delaware.
           Felicia Barone DEEMEDIO
                        v.
           NATIONWIDE INS. CO.
             Submitted: Oct. 9, 1986.
             Decided: Jan. 22, 1987.

L. Vincent Ramunno, Ramunno & Ramunno, P.A.,
Wilmington.
Wayne N. Elliott, Michael P. Kelly, Prickett, Jones,
Elliott, Kristol & Schnee, Wilmington.

BIFFERATO, Judge.
*1 Defendant Nationwide Insurance Company ("
Nationwide") has moved for summary judgment.
This is the Court's decision on the matter.

The underlying action arose from an automobile
accident in Florida. Plaintiff Felicia DeEmedio
was a passenger in her husband's vehicle. Both are
Delaware residents. They were traveling on
Florida Interstate # 4, en route to a honeymoon in
Orlando. A vehicle driven by a Florida resident,
Ralph Tracy, was proceeding in an exit lane to the
right of the DeEmedio vehicle. Lucille Tracy, his
wife, a Florida resident, was a passenger.
Suddenly, Mr. Tracy veered back onto the main
highway, causing Mr. DeEmedio to stop quickly.
The DeEmedio vehicle did not collide with the
Tracy vehicle. Unfortunately, a vehicle driven by
George Simpson, allegedly a Florida resident,
smashed into the rear of the DeEmedio vehicle,
causing it to strike the Tracy vehicle.

A Florida police officer investigated. Mr. Tracy
claims he was forced into the DeEmedio lane by a

sportscar. However, the DeEmedios and Mr.
Simpson claim they saw no sportscar.

Mr. Simpson claimed to be insured, but "his"
insurance company has no such records. In fact,
defendant Nationwide has been unable to locate Mr.
Simpson in Florida.

The police report indicates that Mr. Tracy is insured.

Mrs. DeEmedio sued her own insurance company,
Nationwide, to collect under the uninsured motorist
provision of her policy. Nationwide denies owing
any uninsured motorist benefits, and has moved for
summary judgment. Nationwide claims the motion
should be granted for any of three reasons: the
doctrine of *forum non conveniens;* because Mrs.
DeEmedio failed to join indispensable parties; or
because Mrs. DeEmedio has failed to exhaust her
remedies against the other drivers, as required by
her policy.

Therefore, the issue the Court must decide is
whether summary judgment should be granted for
any of these reasons. The Court will address the
defendant's arguments seriatim.

Under Superior Court Rule 56, summary judgment
may be granted when there is no genuine issue of
material fact and the case can be decided as a matter
of law. *Moore v. Sizemore,* Del.Super., 405 A.2d
679 (1979); *Vanaman v. Milford Memorial
Hospital, Inc.,* Del.Super., 272 A.2d 718 (1970).
When evaluating the basis for the motion, the Court
must view the facts in the light most favorable to the
nonmoving party. *Sweetman v. Strescon Industries,
Inc.,* Del.Super., 389 A.2d 1319 (1978).
Therefore, in evaluating this motion, the Court must
view the facts in the light most favorable to Mrs.
DeEmedio.

The first question is whether the doctrine of *forum
non conveniens* entitles Nationwide to a dismissal
here.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

PENGAD 800-631-6989

**EXHIBIT**
C

Not Reported in A.2d                                                              Page 2

Not Reported in A.2d, 1987 WL 6452 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

"A motion to dismiss on the ground of *forum non conveniens* is addressed to the discretion of the trial court." *Parvin v. Kaufmann,* Del.Supr., 236 A.2d 425, 427 (1967).

In exercising its discretion, the Court must examine six factors:

1) The applicability of Delaware law;

2) The relative ease of access to proof;

*2 3) The availability of compulsory process for witnesses;

4) The possibility of a view of the premises;

5) The pendency or nonpendency of a similar action or actions in another jurisdiction; and

6) All other practical considerations which would make the trial easy, expeditious, and inexpensive.

*Parvin,* 236 A.2d at 427; *Harry David Zutz, Inc. v. H.M.S. Associates, Ltd.,* Del.Super., 360 A.2d 160, 165 (1975); *Life Assurance Co. of Pennsylvania v. Associated Investors International Corp.,* Del.Ch., 312 A.2d 337, 340 (1973); *Fenix & Scission, Inc. v. Underground Storage, Inc.,* Del.Super., 262 A.2d 260, 262 (1970); *Reedy and Reedy v. Moore and Crabtree,* Del.Super., C.A. No. 85C-AU-26, Bifferato, J. (Dec. 11, 1986).

The doctrine of *forum non conveniens* is applied only where there are at least two forums. *Life Assurance Co.,* 312 A.2d at 340. Here, Nationwide offers Florida as a more appropriate forum. Therefore, the above listed factors will be considered with two forums, Florida and Delaware, in mind.

Under Delaware law the burden is on the defendant to show that these factors balance overwhelmingly in his favor before the plaintiff's choice of forum will be defeated. *States Marine Lines v. Domingo,* Del.Supr., 269 A.2d 223, 225 (1970); *Parvin,* 236 A.2d at 427; *Harry David Zutz, Inc.,* 360 A.2d at 166; *Weisberg v. Hensley,* Del.Ch., 278 A.2d 334, 337 (1971).

Nationwide argues that factor 1 is in its favor since, under Delaware choice of law rules, this Court must apply Florida law. However, "[i]t is recognized that the Courts of this State are frequently called upon to apply the law of other states in deciding litigation brought in this state, and this should not serve as a substantial deterrent." *Ogden Marine Drilling, Inc. v. Bucyrus-Eric Co.,* Del.Super., C.A. No. 78C-OC-77, Taylor, J. (April 1, 1981). Therefore, defendant Nationwide has not shown that factor 1 is overwhelmingly in its favor.

Next, Nationwide claims that because the accident occurred in Florida, the relative ease of access to proof in Florida is in its favor. Also, it notes that this Court cannot compel Florida witnesses to appear here. While Nationwide correctly states that there are benefits to live testimony, it also notes that Delaware courts are "willing to accept deposition testimony." *Defendant's Opening Brief* at 6. With the advent of videotape technology, much of the "live testimony" benefits can be captured through deposition. The Court does not find factors 2 and 3 overwhelmingly in Nationwide's favor.

As for factor 4, possibility of a view of the premises, the Court finds that photographs of the scene, if necessary, would serve the jury as a substitute to a visit to the scene. This factor is not overwhelmingly in Nationwide's favor.

Nationwide concedes that factor 5 is not in its favor. *Defendant's Opening Brief* at 8.

Finally, factor 6, the "catch-all" factor must be treated. Nationwide reiterates its arguments concerning proximity of witnesses, and believes the public interest would be better served by trial in Florida, since the State of Florida has a greater interest in the outcome of the case than does Delaware. However, Delaware has an interest in opening its Courts to Delaware citizens in order to provide them with a forum in which to seek justice. Mrs. DeEmedio is a Delaware citizen and may look to her own state's courts to remedy her wrongs. This is her privilege.

*3 Nationwide goes on to assert that it will be

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d, 1987 WL 6452 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

barred from pursuing third-party claims for contribution against the other tortfeasor if the trial is held in Delaware. However, Delaware law states, " [t]he procedural inability of the defendant to bring into that litigation a joint tortfeasor for contribution is not sufficient to overcome the plaintiff's general right to choose the forum." *States Marine Lines v. Domingo,* Del.Supr., 269 A.2d 223, 226 (1970).

Therefore, the Court will not dismiss or stay this matter based upon *forum non conveniens.*

The second question the Court must decide is whether Mrs. DeEmedio's case must be dismissed for failure to join indispensable parties.

Because Simpson, the collider, and Tracy, the swerver, are not subject to this court's jurisdiction, this Court must determine, pursuant to Superior Court Civil Rule 19(b), "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person(s) being thus regarded as indispensable." Rule 19(b). The Court, in its determination, must analyze several factors, which are:

(1) To what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties;

(2) The extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;

(3) Whether a judgment rendered in the person's absence will be adequate;

(4) Whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Rule 19(b).

First, Simpson, who apparently is uninsured and unable to be located, does not appear to be indispensable. A judgment against him would apparently be uncollectible, and Nationwide would be in no better position if he were joined. If Simpson were served in Florida, the facts indicate that Nationwide would probably be ultimately liable under its uninsured motorist coverage. Therefore,

a judgment in Simpson's absence would not be prejudicial to Nationwide, and would be adequate.

Tracy, who apparently is insured, does not appear to be indispensable. A judgment against him would not necessarily relieve Nationwide of its contractual obligation to pay Ms. DeEmedio under *uninsured* motorist coverage, that is, relating to the other driver, Simpson.

Nationwide argues that since its subrogation rights are limited by Delaware law, it would be prejudiced here. However, by contracting to provide uninsured motorist coverage, Nationwide agrees to certain duties and responsibilities to the insured. The fact that the law limits its ability to recoup its business expenses is not relevant to an argument seeking to escape from its primary contractual obligation to the insured.

Therefore, the Court does not find that this case should be dismissed for failure to join indispensable parties.

The third and final issue the Court must decide is whether summary judgment must be granted because Mrs. DeEmedio has not exhausted her remedies against the tortfeasors. Under the terms of the insurance policy, the uninsured motorist coverage does not come into play until "the limits of all other liability insurance and bonds that apply have been exhausted by payments." Defendant's Answer at ¶ 11. A similar provision is codified at 18 *Del.C.* § 3902(b)(3) (Supp.1984), dealing with underinsured motorist coverage.

*4 Mrs. DeEmedio is contractually bound to exhaust the other options available to her before turning to her own insurance company for uninsured motorist coverage.

While a suit against Mr. Simpson would probably be worthless, a suit against Mr. Tracy may be beneficial. The Court does not agree with Mrs. DeEmedio's argument that Tracy's negligence was superceded by Simpson's, and thus Tracy is not a potential defendant.

Therefore, Mrs. DeEmedio must exhaust her

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                    Page 4

Not Reported in A.2d, 1987 WL 6452 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

remedies against Mr. Tracy before suing Nationwide. If Mrs. DeEmedio has made good faith reasonable efforts to contact Simpson's alleged insurance company, and can provide evidence to this Court that Simpson is uninsured, a suit against Simpson is not necessary. The Court realizes that a suit against Tracy may involve Florida litigation, but the contractual language concerning uninsured motorist coverage here requires this inconvenience to the plaintiff.

If, after exhausting these remedies, Mrs. DeEmedio is still entitled to uninsured motorist benefits from Nationwide, she may refile this suit here. Since the suit will involve a new factual situation, that is, a suit after her remedies against the tortfeasors are exhausted, it will not be barred by *res judicata* or collateral estoppel.

Therefore, based only on the fact that Mrs. DeEmedio must exhaust her remedies against the tortfeasors before looking to her insurance company for uninsured motorist benefits, the motion for summary judgment is GRANTED, with the understanding that she may refile this suit if those remedies prove insufficient.

IT IS SO ORDERED.

Del.Super.,1987.
DeEmedio v. Nationwide Ins. Co.
Not Reported in A.2d, 1987 WL 6452 (Del.Super.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I, William D. Sullivan, do hereby certify I am not less than 18 years of age and that on this 19th day of October 2007, I caused a copy of the within *Plaintiff's Answering Brief in Opposition to Defendant's Motion to Dismiss or, in the Alternative, to Stay Proceedings* to be served upon the parties listed below list by hand delivery:

Arther G. Connolly, III, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899

Under penalty of perjury, I declare that the foregoing is true and correct.

*October 19, 2007*　　　　　　　　　*/s/ William D. Sullivan*_____
Date　　　　　　　　　　　　　　　William D. Sullivan