IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRUNSWICK GMBH, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :   C.A. No. 07-471 JJF |
| | : |
| BOWLING SWITZERLAND, INC., | : |
| | : |
|     Defendant. | : |

William D. Sullivan, Esquire & Elihu E. Allinson, III, Esquire of WILLIAM D. SULLIVAN, LLC of Wilmington, DE.
David J. Fischer, Esquire & David P. Vallas, Esquire of WILDMAN, HARROLD, ALLEN & DIXON LLP of Chicago, IL.

Counsel for Plaintiff.

Arthur G. Connolly, III, Esquire of CONNOLLY BOVE LODGE & HUTZ LLP of Wilmington, DE.

Counsel for Defendant.

**MEMORANDUM OPINION**

July 18, 2008

**Farnan,** District Judge

Pending before the Court is Defendant Bowling Switzerland, Inc.'s Motion to Dismiss on grounds of forum non conveniens, or, In The Alternative, to Stay. (D.I. 8.) For the reasons discussed, Defendant's Motion will be granted.

## I. Background

On July 30, 2007, Plaintiff Brunswick GmbH filed this diversity action against Defendant Bowling Switzerland, alleging breach of contract and damages for "account stated." (D.I. 1.) Plaintiff is a German corporation with its principal place of business in Eschborn, Germany. Plaintiff is also a wholly-owned subsidiary of Brunswick Corporation, which is incorporated in Delaware. (D.I. 10, Exh. A.) Defendant is a Delaware corporation with its principal place of business in Nyon, Switzerland. Plaintiff manufactures and sells equipment for bowling centers, and Defendant owns and operates several bowling centers throughout Switzerland. (D.I. 1.)

The present action is based on Defendant's alleged breach of a June 7, 2006 settlement agreement. The settlement agreement concerned the alleged outstanding balance that Defendant owes Plaintiff in exchange for the provision of bowling center equipment and related goods. Plaintiff contends that on June 7, 2006, the parties entered into a settlement agreement in which Defendant admitted that a balance of €272,486.58 (Euros) was owed

to Plaintiff. (Id. at ¶9-11.) This agreement was memorialized in a June 7, 2006 letter, which was in English. (Id.) Plaintiff further contends that Defendant failed to pay the installments negotiated in the June 7 agreement, and that Defendant owes Plaintiff no less than €217,000 as of December 2006. (Id. at ¶21.) Defendant disputes the balance owed, in part, on the grounds that the equipment sold by Plaintiff to Defendant was defective. (D.I. 9, Exh. A.)

The underlying transactions upon which the June 7, 2006 agreement is based were initiated by Defendant's placement of two orders for bowling equipment and related goods with the managing director of Brunswick Bowling & Billiards (U.K.) Ltd. in September 2002. (D.I. 10, Exh. A.) Like Plaintiff, Brunswick Bowling & Billiards (U.K.) Ltd. is a company within the Brunswick Corporation family and is a seller and distributor of bowling equipment and goods. (Id.) The managing director of Brunswick Bowling & Billiards (U.K.) Ltd. directed Defendant's order to be administered by Plaintiff. (Id.) The majority of the communications between the Brunswick companies and Defendant, including the invoices for Defendant's purchase orders, were in English. (Id.)

Following Defendant's purported breach of the June 7, 2006 settlement agreement, Plaintiff sent a "commandement de payer" to Defendant on January 6, 2007 demanding that it admit and satisfy

the outstanding balance owed to Plaintiff.[1]  (D.I. 9, Exh. B.) The parties dispute the legal consequence of this action: Plaintiff submits that a "commandement de payer" is merely a demand letter, while Defendant submits that it initiates a proceeding (a summons to pay) in the Office des Poursuites et Faillites de Nyon-Rolle.  Each party has presented the affidavit testimony of its respective Swiss counsel in support of its position.  (D.I. 10, Exh. B; D.I 12, Exh. A.)

**II. Discussion**

Although "a plaintiff's choice of forum should rarely be disturbed," Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981), a federal court "may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute," Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507 (1947).  Where trial in the plaintiff's chosen forum would result in "oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience," the court may, in the exercise of its sound discretion, dismiss the case. Koster v. (Am.) Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947).

In ruling on a motion to dismiss based on forum non conveniens, a court must address three issues: (1) the

---

[1]This document is in French, and a translated copy has not been provided to the Court.

availability of an alternative forum; (2) the amount of deference to be accorded to the plaintiff's choice of forum; (3) the private and public interest factors. Lony v. E.I. Du Pont de Nemours & Co., 886 F.2d 628, 633 (3d Cir. 1989)(citations omitted). The first of these factors, consideration of the availability of an alternative forum, is a threshold inquiry, to be performed "[a]t the outset of any forum non conveniens inquiry." Piper Aircraft, 454 U.S. at 254 n.22.

    A.   Availability of an Alternative Forum

The Supreme Court has noted that this requirement is usually satisfied where the defendant is "'amenable to process' in the other jurisdiction." Piper Aircraft, 454 U.S. at 254 n.22 (citing Gulf Oil, 330 U.S. at 506-07). Where the alternative jurisdiction cannot provide a satisfactory remedy, dismissal on forum non conveniens grounds is improper. Id. at 254.

By its motion, Defendant contends that Plaintiff has already submitted to the jurisdiction of the Swiss court by filing suit there. As a German corporation with its principal place of business in Germany, Defendant contends, Plaintiff's voluntary filing of an action in Switzerland only confirms that Switzerland is the appropriate forum for this matter.

In response, Plaintiff contends that Defendant's allegation that Plaintiff has already submitted to the jurisdiction of the Swiss courts is "patently false," and that the "commandement de

5

payer" letter that Defendant relies on in making this allegation is analogous to a demand letter sent prior to a filing of a lawsuit. Further, Plaintiff contends that Defendant's mere allegation that Plaintiff is a German company doing business in Switzerland is not sufficient evidence that the Swiss judicial system would offer an adequate alternative forum.

After reviewing the parties' contentions and the papers, the Court concludes that Defendant is "amenable to process," <u>Gulf Oil</u>, 330 U.S. at 506-07, in Switzerland and that an alternative forum is thus available. Plaintiff has not argued that Defendant is not amenable to process in Switzerland; indeed, the affidavit testimony of Plaintiff's Swiss counsel indicates that "Brunswick GmbH now the option, but is not required, to initiate a judicial proceeding against Bowling Switzerland in the Swiss courts[.]" (D.I. 10, Exh. B.) The precise legal effect of the "commandement de payer" letter, and the question of whether Plaintiff has already submitted to the jurisdiction of the Swiss judicial system, are thus irrelevant, as it is undisputed that Defendant is amenable to process in the Swiss courts. Absent evidence that the alternative forum is otherwise inadequate, such as where the remedy offered is clearly unsatisfactory, <u>Piper Aircraft</u>, 454 U.S. at 254 n.22, amenability to process is all that is required to satisfy the threshold requirement of the forum non conveniens inquiry.

6

B.   *Amount of Deference Due Plaintiff's Choice of Forum*

While there is ordinarily a strong presumption in favor of a Plaintiff's choice of forum, a foreign Plaintiff's choice deserves less deference. Piper Aircraft, 454 U.S. at 255-56. "When the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable." Id.

Highlighting its status as a wholly-owned subsidiary of Brunswick Corporation, a public company incorporated in Delaware with its principal place of business in Illinois, Plaintiff contends that "[t]he case at bar is essentially an American corporate citizen bringing suit against another American corporate citizen." (D.I. 10 at 8.) The Court is unpersuaded. Plaintiff is a German corporation with its principal place of business in Eschborn, Germany. (D.I. 1 at ¶1.) The Court will thus accord Plaintiff less deference than it would a domestic plaintiff.

C.   *Private and Public Interest Factors*

To guide a district court in the forum non conveniens analysis, the Supreme Court has prescribed a balancing of private interest factors affecting the convenience of the litigants and public interest factors affecting the convenience of the forum. See Gulf Oil, 330 U.S. at 508-509. Factors pertaining to the private interests of the litigants include:

7

>    the relative ease of access to sources of proof;
>    availability of compulsory process for attendance of
>    unwilling, and the cost of obtaining attendance of willing,
>    witnesses; possibility of view of premises, if view would be
>    appropriate to the action; and all other practical problems
>    that make trial of a case easy, expeditious and inexpensive.

Id. at 508. Public interest factors bearing on the inquiry include the "local interest in having localized controversies decided at home"; the interest in "having the trial of a diversity case in a forum that is at home with the state law that must govern the case"; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. Id. at 508-509.

By its motion, Defendant contends that the following private interest factors "tip heavily" in favor of dismissal: all sources of proof in this matter, including all the pertinent witnesses and documents, are located in Switzerland and Germany; the logistics of producing documents and willing witnesses would necessarily be expensive and burdensome; for unwilling witnesses, compulsory process is unavailable; and a majority of the relevant documents are not in English. Further, Defendant contends that the following public interest factors also weigh towards dismissal: the administrative burden of having to translate documents; Switzerland's local interest in a dispute that arose in Switzerland and involves individuals that live and/or work in Switzerland, and the absence of such a local interest for

Delaware; and the unfairness of burdening Delaware citizens with jury duty concerning a dispute centered in a foreign country.

With respect to the private interest factors, Plaintiff responds that, as a factual matter, all of the pertinent documents at issue, including the June 7, 2006 settlement agreement and Defendant's original purchase orders, are in English. Plaintiff further contends that Defendant has insufficiently supported its contention regarding the unavailability of sources of proof with affidavit or other evidence. Regarding the public interest factors, Plaintiff contends that any translation burden would be minimal, and that allowing this matter to proceed would not result in an influx of litigation between foreign parties in this forum, as this action concerns a "foreign subsidiary of a Delaware corporation suing another Delaware corporation over a transaction that has ties to the United States." (D.I. 10 at 11.)

After reviewing the parties' contentions, the Court concludes that the balance of private factors indicates that trial in this forum would result in "oppression and vexation" to Defendant out of all proportion to Plaintiff's convenience. The Court first notes that Plaintiff has not presented any evidence that its choice of forum was based on convenience factors; the Court will thus not disturb its earlier conclusion that Plaintiff's choice of forum is entitled to less deference than a

domestic plaintiff's.  Turning to the balancing of private interest factors affecting the convenience of the litigants, only the fact that some or most of the relevant documents are in English weighs against dismissal.  Plaintiff has presented no evidence rebutting Defendant's contention that all of the pertinent documents and witnesses are located in Switzerland or Germany.  Though Plaintiff emphasizes its status as a subsidiary of a Delaware corporation, it has presented no argument or evidence as to how this increases the convenience of a trial in this forum.  In addition to the issue of compulsory process for unwilling witnesses, then, all of the practical considerations "that make trial of a case easy, expeditious and inexpensive," Gulf Oil, 330 U.S. at 508, weigh heavily towards dismissal.

Similarly, the Court concludes that the balancing of public interest factors also weighs heavily towards dismissal.  Where the locus of a dispute is foreign, as it is here, a defendant's incorporation in the forum state is insufficient to transform the matter into a localized controversy.  See Dahl v. United Techs. Corp., 632 F.2d 1027, 1032 (3d Cir. 1980)("The only contact that Delaware has with this case is that it is [the defendant's] state of incorporation. Indeed, [the defendant's] principal place of business is in Connecticut.  We therefore conclude that the commitment of Delaware judicial time and resources to this case is not justified by any nexus Delaware has with what is

10

essentially a Norwegian case."). Further, given that the locus of this dispute lies in Switzerland, it would be unfair to burden Delaware citizens with jury duty in this matter. In sum, the public interest factors affecting the convenience of the forum weigh heavily towards dismissal.

The Court thus concludes that a balancing of both private factors and public factors reveals an inconvenience to the Defendant and the forum out of all proportion to the convenience of the Plaintiff.

### III. Conclusion

For the foregoing reasons, the Court concludes that the balance of private and public factors indicates that trial in this forum would result in "oppression and vexation" to Defendant and inconvenience to the forum out of all proportion to Plaintiff's convenience. Accordingly, the Court will grant Defendant's Motion to Dismiss under the doctrine of forum non conveniens. Defendant's request, in the alternative, that this action be stayed is thus moot. An appropriate order follows.